SAVOIE, Judge.
Frank J. Wilkerson was charged by bill of information with third offense DWI, in violation of La.R.S. 14:98. Defendant waived formal arraignment and pled not guilty. Thereafter, defendant filed a motion to quash the bill of information, arguing that one of the two predicate DWI convictions had been obtained by a constitutionally defective guilty plea. The motion to quash was denied. Subsequently, defendant withdrew his previous plea of not guilty and entered a plea of guilty as charged, reserving his right to appeal the denial of his motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to pay court costs, victim reparation costs of $100, and Clerk of Court fees. He was also sentenced to serve one year imprisonment at hard labor, six months of which are to be served without benefit of probation, parole, or suspension of sentence; the remaining six months was suspended, subject to various special conditions.
The facts of the instant offense appear summarized at the sentencing hearing. Defendant was stopped because he was clocked speeding; he was driving 71 m.p.h. in a 55 m.p.h. zone. Defendant was subsequently arrested and a breathalyzer test was administered. Defendant registered a .18% on the breathalyzer test. He was charged with third offense DWI.
Defendant’s sole assignment of error contests the ruling of the trial court denying the motion to quash the bill of information. Defendant claims the bill of information should have been quashed and the charge reduced to second offense DWI, since the predicate conviction, dated May 4, 1983, was obtained in a constitutionally defective manner. Specifically, defendant claims the trial judge failed to advise him of his rights in accordance with the mandate of State v. Jones, 404 So.2d 1192 (La.1981). Accordingly, defendant argues that the predicate conviction was erroneously used to enhance the charges against him on the instant offense.
In brief, defendant claims that “the evidence of a prior DWI conviction is inadmissible. The evidence fails to affirmatively show that he [defendant] tendered a guilty plea while fully aware of his constitutional rights and of the consequences of a guilty plea.” Defendant argues that there was “no unequivocal statement by the judge indicating he was satisfied that the plea was entered knowingly and intelligently.” Additionally, defendant urges that a signed guilty plea form, when signed by an illiterate defendant, is inadequate to reflect an understanding of the rights being waived.
The state submits that in light of the totality of the circumstances surrounding defendant’s guilty plea to the first predicate offense, the trial court correctly determined that the plea had been constitutionally obtained and, therefore, properly denied defendant’s motion to quash. The state cites State v. Tucker, 405 So.2d 506, 509 (La.1981), and State v. Dunn, 390 So.2d 525 (La.1980), for the proposition that a “plea of guilty” form is properly considered by the trial court to determine whether or not the defendant has been *138 adequately informed of his rights. Moreover, the state points out that the minute entry reflects that defendant told the trial court that he had not been coerced, forced or promised anything to plead guilty and that his plea of guilty had been voluntarily made. Defendant does not challenge the accuracy of the minute entry or the waiver form. The state submits that the rights waiver form coupled with the inquiry from the trial judge and the fact that defendant was represented by counsel at the time of the plea, is sufficient to satisfy the requirements of State v. Jones, 404 So.2d 1192 (La.1981).
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, (c) his right to confront his accuser, and ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, at 1196. This rule applies to guilty pleas entered after September 10, 1981, the date on which the State v. Jones decision became final. State v. Moore, 416 So.2d 1298, 1300 (La.1982).
A trial judge has a duty to determine that a defendant is expressly and knowingly waiving his constitutional rights in entering his guilty plea. See State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Williams, 384 So.2d 779, 781-82 (La.1980). The state, in order to enhance a penalty, may affirmatively prove that the defendant had the benefit of counsel and that he was fully Boykinized by the trial court. The state may rely upon either the transcript of the plea of guilty or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). While a colloquy between the judge and the defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
In the instant case, the trial court denied defendant’s motion to quash the bill of. information because it ruled the minutes of the Baton Rouge City Court and the guilty plea form signed by defendant and the City Court Judge, taken together, were sufficient to prove a knowing and intelligent waiver of rights by defendant. At the hearing on the motion to quash, defendant did not assert that his counsel on the predicate conviction was incompetent or ineffective; nor did defendant claim that the guilty plea form and pertinent minute entry were in error. Defendant simply urged that the documents introduced by the state do not reflect a proper Boykinization and that, therefore, the state failed to prove the first predicate conviction.
In regard to the May 4, 1983, guilty plea to DWI in Baton Rouge City Court, the state introduced into evidence certified copies of the Baton Rouge City Court affidavit, the pertinent typed minute entry dated May 4, 1983, and a “waiver of constitutional rights upon entry of guilty plea” form signed by defendant and the Baton Rouge City Court judge. In pertinent part, the minute entry reads as follows:
$ * * * * #
In response to examination by the Court, the accused advised the Court that he had discussed this matter with this attorney and he understood all the rights that he would be giving up by pleading guilty. The Court questioned whether defendant’s counsel had gone over these rights with him and the accused advised that counsel had. The accused also responded that he had not been coerced, forced or promised anything to plead guilty and that his plea of guilty was voluntarily made.
Whereupon, the Court, finding a factual basis for the plea and being of the opinion that the accused understood the significance of his plea and was knowingly, intentionally, and intelligently waiving his right to plead not guilty, ruled that it would accept the accused’s guilty plea to DWI first offense. The Court deferred sentencing of the accused for sixty days. *139 Defendant ordered to report to the Probation Department for a presentence investigation, attendance of the driver improvement school and required community service hours. The accused signed notice and rights waiver form in open court.[1]
Defendant was represented by counsel when he entered the guilty plea on May 4, 1983. He acknowledged that he had been advised of and understood his rights, specifically stating that counsel had reviewed “these rights” with him. However, nothing of record indicates that “these rights” referred to the rights listed in the guilty plea waiver form, which complies with the dictates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[[Image here]]
*140 A trial judge cannot rely upon a defendant’s statement that his rights were explained to him outside of court. State v. Halsell, 403 So.2d 688, 692 (La.1981); State v. Williams at 781-82. The trial judge had before him an assertion of defendant that he had been advised of his constitutional rights and that he was knowingly and voluntarily relinquishing these rights by pleading guilty to the charges against him. However, the minute entry does not reflect that the trial court entertained an assertion by defendant’s counsel that he had informed defendant of his rights and that counsel was entirely satisfied that the plea was made knowingly and voluntarily. The minute entry reflects that the trial court primarily relied upon the assumption that the defense counsel adequately informed defendant of the rights he was waiving by entering a guilty plea.
Defendant’s argument that the trial court may not rely on such an assumption but must make an independent determination of defendant’s valid waiver has merit. Such a waiver cannot be presumed and reversible error occurs when the face of the record fails to disclose that the defendant knowingly and voluntarily entered his plea of guilty. Boykin, 89 S.Ct. at 1711 and 1713. The evidence introduced by the state to prove the predicate conviction of May 4, 1983, is not sufficient to prove that the trial judge complied with his duty. Consequently, the trial court herein erroneously denied defendant’s motion to quash the bill of information charging him with third offense DWI.
Due to the state’s failure to prove a validly entered guilty plea to support the first predicate conviction, defendant’s conviction and sentence for third offense DWI is hereby reversed. The matter is remanded to the trial court for further proceedings in conformity with the views expressed herein.
CONVICTION AND SENTENCE REVERSED; MATTER REMANDED.
EDWARDS, J., dissents with reasons.

. Reproduced below is a copy of the guilty plea form signed by defendant. See page 35 of the record.