734 So.2d 144 (1999)
STATE of Louisiana
v.
Lawrence J. PERTUIT, Jr.
No. 98-KA-1264.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1999.
*145 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Mary Glass, Assistant District Attorneys, Gretna, LA, For Plaintiff-Appellee.
E. Wayne Walker, Gretna, LA, For Defendant-Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
The sole issue presented in this appeal is whether the trial court erred in granting the defendant's motion to quash the bill of information. For the reasons set forth herein, we affirm the ruling of the trial court.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Lawrence J. Pertuit, Jr., with fourth offense driving while intoxicated ("DWI") in violation of LSA-R.S. 14:98 E. In the bill, the state alleged that the defendant had previously been convicted three times of DWI, on June 17, 1991, March 4, *146 1993, and October 3, 1996. Subsequent to entering a not guilty plea to the charge, the defendant filed a motion to quash the bill of information. In the motion, the defendant alleged that his March 4, 1993 conviction could not be used as a predicate for the charged fourth offense because he had not been properly informed of his constitutional rights before entering a guilty plea to the second DWI charge. Following a hearing, the trial court granted the defendant's motion to quash. The state now appeals, arguing that the trial court erred in granting the motion to quash because the defendant was properly informed of his rights in the challenged predicate offense. The state further contends that the motion to quash was not the correct procedural vehicle for attacking the use of the defendant's prior guilty plea.
Contrary to the state's argument, the defendant contends that he was not properly advised of his rights before entering a guilty plea to the second DWI charge. To support his argument, the defendant points to this court's opinion in State v. Pertuit, 95-935 (La.App. 5 Cir. 3/13/96), 673 So.2d 1055. In that case, the state charged the instant defendant with third offense DWI relying in part on the March 4, 1993 conviction challenged herein. The defendant filed a motion to quash alleging that he had not knowingly waived his rights when he pled guilty to the second DWI charge. The trial court granted the defendant's motion and the state appealed. On appeal, the state sought to prove that the defendant had knowingly waived his rights by attaching to its brief a waiver of rights form executed by the defendant that had not been introduced in the trial court. This court found that the forms could not be considered and without the forms there was no evidence in the record that the defendant had knowingly waived his rights when he pled guilty. Accordingly, this court affirmed the trial court ruling which granted the defendant's motion to quash.
We first note that the defendant's reliance on this previous case is misplaced as the language employed therein does not necessarily preclude a finding that the defendant knowingly and voluntarily waived his rights in the challenged DWI offense. Nonetheless, for the reasons which follow, we find that the trial judge did not err in granting the defendant's motion to quash.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; and (c) his right to confront his accusers. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192 (La.1981). While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284.
It is the state's burden to show that the defendant knowingly and expressly waived his Boykin[1] rights when entering his guilty plea. State v. Santiago, 416 So.2d 524 (La.1982). To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript or the minute entry. State v. Bland, 419 So.2d 1227 (La.1982). However, a guilty plea-rights waiver form, even if well-executed in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Delanoix, 92-1705 (La.App. 1 Cir. *147 8/9/93), 637 So.2d 515; State v. Dejean, supra.
In light of these principles, we must now determine whether the state presented sufficient evidence in the trial court to support a finding that the defendant knowingly waived his rights when he pled guilty on March 4, 1993. At the hearing on the motion to quash, both the state and the defense referred to the memoranda that they had filed. In connection with his motion to quash and the memorandum in support thereof, the defendant introduced the transcript of the March 4, 1993 guilty plea which clearly shows that the trial court did not advise the defendant of any rights prior to accepting the plea. The transcript merely contains a statement by the defendant's attorney that "I've executed a boykin form that I give to the court at this time." To support its opposition to the motion to quash, the state attached to its memorandum a copy of the waiver of rights executed in connection with the March 4, 1993 guilty plea. The waiver form was signed by the defendant and the assistant district attorney; however, there is no indication that it was signed by either the trial judge or the defense attorney. We find that this evidence is not sufficient to prove that the defendant knowingly and voluntarily waived his constitutional rights prior to the entry of the challenged guilty plea. See State v. Wilkerson, 533 So.2d 136 (La.App. 1 Cir.1988) and State v. Dejean, supra. Accordingly, we find that the trial judge did not err in granting the defendant's motion to quash.
On appeal, the state also argues that a motion to quash is not the correct procedural mechanism for challenging the predicate offense because the issues raised by the defendant therein go to the merits of the case.
LSA-C.Cr.P. art. 531 provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and of `not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash." A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401.
In the present case, the issues raised by the defendant in the motion to quash do not go to the merits of the case, but rather focus on the constitutional validity of the defendant's prior DWI conviction. Thus, we find that a motion to quash was, in fact, the correct procedural vehicle by which to raise these issues.
For the reasons set forth herein, we find that the trial judge properly granted the defendant's motion to quash. Accordingly, the judgment appealed from is hereby affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).