J^DUFRESNE, Judge.
The sole issue presented in this appeal is whether the trial court erred in denying the defendant’s motion to quash the bill of information. For the reasons set forth herein, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Roy M. Manning, with two counts of third offense driving while intoxicated (“DWI”), in violation of LSA-R.S. 14:98 D. In the bill, the state alleged that the defendant had previously been convicted two times of DWI, on May 1, 1989, and March 26, 1996. Subsequent to entering a not guilty plea to the charges, the defendant filed a motion to quash the bill of information. In the motion, the defendant alleged that the two prior convictions could not be used as predicates for the charged DWI offenses because he had not been properly advised of his constitutional | ¿rights before entering guilty pleas to those two offenses. Following a hearing, the trial court denied the motion to quash, finding that “the State has met its burden in showing ... that the defendant was advised of his rights and made a knowing, intelligent, free and voluntary waiver of those rights.”
The defendant then withdrew his former plea of not guilty and after being advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), he pled guilty to two counts of third offense DWI. The defendant entered this plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the denial of the motion to quash. After accepting the defendant’s guilty plea, the trial court sentenced him to five years at hard labor with four years suspended and one year to be served without benefit of probation, parole, or suspension of sentence. The trial judge ordered that upon the defendant’s release from prison, he be placed on active probation for four years, subject to various conditions. .
The defendant now appeals challenging the trial court’s denial of his motion to quash. He asserts that he was not properly advised of his Boykin rights in the two predicate offenses and therefore, they can *885 not be used for enhancement of the present DWI offenses. We find that the defendant’s argument has merit.
The Louisiana Supreme Court recently enunciated the burden of proof placed on the state when a defendant attacks the use of prior guilty pleas to enhance a DWI charge. In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court found that the burden-shifting principles delineated in State v. Shelton, 621 So.2d 769 (La.1993), [^covering multiple offender proceedings, should be extended to the recidivist portions of the DWI statute. Under Carlos, when a defendant collaterally attacks a prior DWI guilty plea by a motion to quash, the state bears the initial burden of submitting sufficient evidence of the existence of the prior guilty plea and that the defendant was represented at the time it was taken. If the state meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts back to the state to prove the constitutionality of the plea.
However, in the present case, the motion to quash was heard and denied in May of 1999, prior to the rendition of the Carlos opinion. At the time that the present motion was heard, the state bore the burden of showing that the defendant knowingly and expressly waived his Boy-kin rights when entering a guilty plea if the state wished to use that plea in a subsequent DWI prosecution. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript or the minute entry. However, a guilty plea-rights waiver form, even if well-executed in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144.
In the present case, we find that the state failed to meet its burden of showing that the defendant knowingly and voluntarily waived his rights in the two predicate offenses. At the hearing, the state was adamant in its argument that the burden of proof was on the defendant as the moving party. When the state declined to present any evidence, the defendant Lattempted to show that he was not informed of his rights when he pled guilty to the predicate offenses by introducing copies of the waiver of rights form executed in connection with those prior pleas. After further argument by counsel, the state did introduce one of the waiver of rights form previously introduced by the defendant. Although the state had expressed its intent to also introduce the second form, there is no indication in the record that it produced any further evidence. The introduction of a copy of one of the waiver forms is clearly insufficient to sustain the state’s burden of proof.
We also note that even if we applied the burden-shifting principles set forth in State v. Carlos, supra, the state still failed to meet the initial burden of proving the existence of the prior guilty pleas and that the defendant was represented by counsel at the time that they were taken.
In his appellate brief, the defendant also argues that the trial judge erred in denying his motion to quash because he was not represented by counsel when he entered pleas to the predicate offenses. He further complains because the courts in the predicate pleas failed to comply with the requirements. of LSA-C.Cr.P. art. 556.1. Since we have already determined that the denial of the motion to quash must be reversed, we find it unnecessary to address these arguments at this time.
For the reasons set forth herein, we reverse the judgment of the trial court which denied the defendant’s motion to quash. The matter is remanded for fur *886 ther proceedings consistent with this opinion.

REVERSED AND REMANDED.