762 So.2d 1275 (2000)
STATE of Louisiana
v.
Lee Roy LOWRY.
No. 00-KA-107.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2000.
*1276 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Quentin P. Kelly, Assistant District Attorneys, Gretna, Louisiana, Counsel for the State.
Frederick Kroenke, Baton Rouge, Louisiana, Counsel for defendant-appellant.
Court composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS.
McMANUS, Judge.
In this appeal, defendant Lee Roy Lowry appeals from a judgment which denied his motion to quash an indictment charging him with a third offense of operating a vehicle while intoxicated (DWI). For the reasons that follow, we set aside the denial of the Motion to Quash, vacate the guilty plea, set aside the conviction and sentence, and remand this case to the district court.

STATEMENT OF THE CASE
On September 22, 1999, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Lee Roy Lowry, with driving while intoxicated as a third offender, in violation of LSA-R.S. 14:98(D). On October 29, 1999, defendant was arraigned and pled not guilty to the third offense. On January 10, 2000, the defendant was re-arraigned on the bill of information amending the alleged commission date of the third offense. Defendant pled not guilty to the amended bill. Defendant then filed a Motion to Quash the bill of information, which the trial court denied. Subsequently, defendant withdrew his plea of not guilty and tendered a guilty plea, reserving his right to appeal the adverse ruling on his Motion to Quash under State v. Crosby, 338 So.2d 584 (La.1976). The trial court then advised defendant of his constitutional rights, accepted the guilty plea, and sentenced the defendant to two years at hard labor. The trial court suspended 18 months of the sentence and ordered the defendant to serve the remaining six months in home incarceration. The defendant was also placed on active probation for three years following the completion of his home incarceration sentence and ordered to pay a $2,000.00 fine $100.00 commissioner's fee, and all other court costs. Defendant timely appealed.

FACTS
According to the amended bill of information, defendant operated a vehicle while intoxicated on August 20, 1999. The bill of information contained information of defendant's two prior DWI convictions in Jefferson Parish: (1) defendant was first convicted of DWI in Division B of the Second Parish Court of Jefferson on December 10, 1997, and (2) defendant was convicted again of DWI in Division A of the Second Parish Court of Jefferson on December 11, 1997.

ASSIGNMENT OF ERROR ONE
The defendant argues that the trial court incorrectly denied his Motion to Quash because the State failed to demonstrate the constitutionality of one of defendant's alleged predicate convictions. The defendant concedes that he had two prior DWI convictions, however, he maintains that he did not knowingly and intelligently waive his right to counsel before he pled guilty to one of the predicate convictions. The motion to quash did not specify which one of the two predicate convictions was challenged. The defendant points out that the State did not produce any evidence establishing the existence of any prior *1277 predicate DWI conviction at the hearing on the motion to quash.
The State responds that the Defendant's Motion to Quash was inadequate because it did not specifically state which predicate conviction was challenged and, thus, the trial court correctly denied it. Alternatively, the State responds that should the denial of the motion to quash be set aside: (1) this matter should be remanded for a rehearing in order to permit the defendant the opportunity to specify which one of the two predicate convictions is challenged, and permit the State the opportunity to present evidence to respond to the challenge, or (2) the matter should be remanded for re-sentencing as a second DWI offender because the defendant only challenges one of his predicate convictions.
LSA-C.Cr.P. art. 531 provides that "[a]ll guilty pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of `not guilty' and `not guilty by reason of insanity' shall be urged by a motion to quash." A motion to quash is essentially a mechanism to urge pretrial pleas, that is, pleas which do not go to the merits of the charge. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998). At a hearing on a motion to quash, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. Id. This Court held that a motion to quash is the proper vehicle to challenge the constitutional validity of a prior DWI guilty plea. State v. Pertuit, 98-1264 (La. App. 5 Cir. 4/27/99), 734 So.2d 144, 147.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Supreme Court extended the burden-shifting principles for habitual offender proceedings, set forth in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist portions of the DWI statute. Under Carlos, when a defendant challenges the constitutionality of a predicate guilty plea, the State's initial burden is to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. Carlos, 738 So.2d at 559. The Carlos court explained that the State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity in the prior convictions. Carlos, 738 So.2d at 560. This Court recognized Carlos' burden-shifting scheme in State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, and State v. Boudreaux, 99-1017 (La. App. 5 Cir. 2/16/00), 756 So.2d 505. The entire burden-shifting scheme as set out in Carlos is as follows:
In Shelton, this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced.
Carlos, 738 So.2d at 559 (citations and footnotes omitted).
In Carlos, the Supreme Court held that the State satisfied the initial burden with a minute entry and a printed waiver of *1278 rights form signed by the defendant, his attorney, and the trial judge. The minute entry contained the defendant's name, showed that the defendant pled guilty to second offense, and indicated the sentence received. The printed waiver of rights form attested that the defendant had been advised of, understood, and waived his right to a bench trial, to confront his accusers, and waived his privilege against selfincrimination. Carlos, 738 So.2d at 557.
In State v. Boudreaux, 99-1017 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, this Court noted that a prior DWI guilty plea entered into without the benefit counsel could be used to enhanced subsequent DWI offenses if the State establishes that the defendant knowingly and intelligently waived his right to counsel when the prior guilty plea was entered. This Court concluded that, in order to determine whether the defendant knowingly and intelligently waived his right to counsel before entering a guilty plea, the totality of the circumstances surrounding the tendering of the defendant's guilty plea must be considered. State v. Boudreaux, 99-1017 at p. 6.
In order to ensure that the defendant knowingly and intelligently waives the right to counsel, the trial court must: (1) advise the defendant of the nature of the charge and the penalty range,[1] and (2) inquire into the defendant's background and mental capacity to understand the proceedings.
Further, the trial court must advise defendant of his right to be represented by counsel at all stages of the proceedings. There must be sufficient information in the record to indicate that the trial court made a determination that the defendant knowingly and intelligently waived his right to counsel.
In State v. Carlos, the Supreme Court observed that the State may prove the constitutionality of the plea with a perfect transcript of the guilty plea colloquy. Carlos, 738 So.2d at 559. A guilty plea-waiver of rights form, even if well-executed and complete in every detail, must be accompanied with a detailed minute entry or a transcript of the guilty plea in order to be sufficient to show a knowing and voluntary waiver of the right to counsel. State v. Boudreaux, 99-1017, at p. 7.
In this case, the record reflects that the Defendant's Motion to Quash failed to specify which of the two predicate offenses was challenged and, furthermore, the State failed to introduce evidence showing the existence of the predicate convictions and evidence that defendant knowingly and intelligently waived his right to counsel. The transcript reflects, that at defense counsel's request, the trial court denied the Motion to Quash in order to permit defendant to enter into a Crosby plea.
LSA-C.Cr.P. art. 537 states that "[a]ll issues, whether of law or fact, that arise on a Motion to Quash shall be tried by the court without a jury." In the case sub judice, the State was not afforded the opportunity to prove the existence of the prior guilty pleas and that the defendant was represented by counsel. In both Shelton and Carlos, the cases were remanded to allow the defendants in those cases an opportunity to meet their burdens of production at a hearing. Therefore, we set aside the denial of the Motion to Quash, vacate the guilty plea, set aside both the conviction and sentence, and remand this case to the district court with instructions to allow both the State and the defendant an opportunity to meet their respective burdens at a hearing to be held consistent with this opinion.

ERRORS PATENT DISCUSSION
The record in this case was reviewed for errors patents in accordance with LSA C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, *1279 556 So.2d 175 (La.App. 5 Cir.1990). Such a review reveals no errors patent.
For the foregoing reasons, we set aside the denial of the Motion to Quash, vacate the guilty plea, set aside the conviction and sentence, and remand the case to the district court for proceedings consistent with this opinion.
MOTION TO QUASH SET ASIDE, GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] This requirement is now codified in LSA-C.Cr.P. art. 5561A(1) for all guilty pleas.