772 So.2d 801 (2000)
STATE of Louisiana
v.
David J. CASSE.
No. 00-KA-235.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 2000.
*802 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Richard Pickens, II, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Don C. Gardner, Harahan, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD and CLARENCE E. McMANUS.
GOTHARD, Judge.
Defendant, David Casse, appeals his conviction and sentence as a third offender in violation of LSA-R.S. 14:98, driving while intoxicated. For reasons that follow, we affirm.
On January 25, 1999, the state filed a bill of information charging defendant with a third violation of LSA-R.S. 14:98. The bill alleged that the defendant had been convicted of driving while intoxicated on two prior occasions, February 1, 1994 and July 8, 1997. Defendant entered a plea of not guilty, and filed a motion seeking to suppress the evidence of the prior convictions.[1] After a hearing, the motion was denied. Defendant applied for supervisory writs to this court, to review the trial court's denial of his motion to suppress/quash. *803 That writ application was denied.
Subsequently, defendant withdrew his plea and entered a plea of guilty, reserving his right to appeal the ruling on the motion to suppress/quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve three years at hard labor. The court further ordered that the defendant serve thirty days of the sentence in the parish prison without benefit of probation, parole or suspension of sentence. Thereafter, the defendant was ordered to serve six months on home incarceration without benefit of parole, probation or suspension of sentence. The defendant was placed on active probation for five years. The sentence also included a fine of $1,000.00, and a special IDB fee of $1,000.00.[2] A motion for appeal was filed by defendant and granted by the trial court.[3]
In brief to this court defendant argues the entry of his guilty plea to the 1994 predicate offense was not knowing and voluntary, and cannot be used to upgrade the current offense to a third offense.
Defendant argues that the trial court erred in denying the motion to quash the indictment, because defendant did not knowingly and voluntarily waive his constitutional rights prior to the February 1, 1994 guilty plea. The state responds that, because defendant executed a valid Waiver of Rights form and admitted that his attorney had explained his rights to him, his prior guilty plea can be used to enhance the underlying offense.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers.[4] Because a plea of guilty waives these fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent relinquishment of known rights. State v. Galliano, 396 So.2d 1288, 1290 (La.1981). The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. Id.; State v. Pickett, 99-532, (La.App. 5 Cir.10/26/99), 746 So.2d 185, 188.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives: his privilege against compulsory self-incrimination, his right to trial and jury trial where it is applicable, and his right to confront his accusers. The trial judge must insure that the accused has a full understanding of what the plea connotes and of its consequence. State v. Jones, 404 So.2d 1192, 1196 (La.1981). While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Nuccio, 454 So.2d 93, 104 *804 (La.1984); State v. Pertuit, 98-1264 (La. App. 5 Cir. 4/27/99), 734 So.2d 144, 146.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559, the Louisiana Supreme Court found that the burden-shifting principles delineated in State v. Shelton, 621 So.2d 769 (La.1993), as applied to multiple offender proceedings, should be extended to the recidivist portions of the DWI statute. Under Carlos, when a defendant collaterally attacks a prior DWI guilty plea by a motion to quash, the state bears the initial burden of submitting sufficient evidence of the existence of the prior guilty plea and that the defendant was represented at the time it was taken. Id. at 559. If the state meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant carries this burden, then the burden reverts back to the state to prove the constitutionality of the plea. Id.
In this case, the hearing on the motion to quash was on June 28, 1999, prior to the Louisiana Supreme Court opinion in State v. Carlos, supra. In State v. Manning, 99-1046 (La.App. 5 Cir.2/29/00), 758 So.2d 883, this Court declined to extend Carlos, because the motion to quash hearing was heard and denied prior to the Carlos opinion. Accordingly, we will review this matter under the standard which existed before Carlos.
At the time that the present motion was heard, the state bore the burden of showing that the defendant knowingly and expressly waived his Boykin rights when entering a guilty plea if the state wished to use that plea in a subsequent DWI prosecution. State v. Santiago, 416 So.2d 524, 526 (La.1982). To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript or the minute entry. State v. Bland, 419 So.2d 1227, 1233 (La.1982). However, a guilty plea-rights waiver form, even if well-executed in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Pertuit, 98-1264 (La.App. 5 Cir. 4/27/99), 734 So.2d 144, 146.
In the present case, at the hearing on the motion to quash, the trial court reviewed the transcript of the February 1, 1994 guilty plea proceedings heard in First Parish Court Case No. 93-5809. That transcript shows that defendant was represented by counsel and that counsel reviewed the waiver of rights form before getting defendant's signature. Further, the following colloquy took place:
THE COURT:
Okay. Mr. Casse, your attorney indicates you wish to enter these guilty pleas as he has outlined; it that correct?
THE DEFENDANT, DAVID CASSE:
Yes sir.
THE COURT:
Your attorney has explained your rights to you and those rights you waive when you enter a plea of guilty?
THE DEFENDANT, DAVID CASSE:
Yes sir.
THE COURT:
And you're satisfied with his representation of you?
THE DEFENDANT, DAVID CASSE:
Yes sir.
THE COURT:
And you've executed this waiver of rights form?
THE DEFENDANT, DAVID CASSE:
I did.
The record also contains the minute entry and the waiver of rights form, which is signed by the defendant, his attorney, and the trial judge.
In State v. Bailey, 97-302 (La.App. 5 Cir.1998) 713 So.2d 588, the defendant argued that the state failed to prove that he knowingly and voluntarily waived his *805 rights when pleading guilty to the predicate offense. The transcript from the prior guilty plea did not show that the trial judge apprized defendant of his Boykin rights. However, the transcript did show that defendant's counsel explained defendant's rights to him, and that he understood the consequences of his guilty plea. Furthermore, the defendant signed a waiver of rights form, indicating he understood his Boykin rights and chose to waive them. The trial judge weighed the evidence and determined that the predicate guilty plea was valid. On appeal, this court affirmed the trial court's adjudication of the defendant as a second felony offender. Although Bailey did not involve a DWI, we believe the reasoning supporting the decision in that case is appropriate in the instant case.
Defendant testified at the hearing on the motion to quash that, although he signed the waiver of rights form, no one explained his rights to him during the 1994 guilty plea proceeding. However, the February 1, 1994 transcript shows that defendant was represented by counsel. Defendant also signed a waiver of rights form, which his attorney and the trial judge also signed. On this form, he stated that he understood his right to a trial, to confront his accusers, to call witnesses on his behalf, and not to incriminate himself. Furthermore, the February 1, 1994 transcript shows that defendant responded affirmatively when the judge asked him if his attorney explained his rights to him. We find this sufficient to show that the defendant entered a knowing and voluntary guilty plea to the 1994 DWI charge. Accordingly, we affirm the trial court's ruling which denied defendant's motion to quash, and defendant's conviction as a third offender.
AFFIRMED.
NOTES
[1] The motion is styled as a motion to suppress the evidence, but is in fact a motion to quash the indictment.
[2] The sentence is illegally lenient in several respects. However, since the state did not raise the issue, this court cannot correct the sentence. State v. Norman, 99-600 (La.App. 5 Cir. 2/16/00), 756 So.2d 525.
[3] The motion for appeal was filed beyond the five day time limit accorded by LSA-C.Cr.P. article 914. However, it will be considered timely because the plea was entered pursuant to State v. Crosby, supra. See; State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[4] Boykin was adopted by the Louisiana Supreme Court in State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel Le-Blanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).