J^WALTER J. ROTHSCHILD, Judge.
On January 31, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Carl Payton, with operating a vehicle while intoxicated (DWI), third offense, in violation of LSA-R.S. 14:98(D). Defendant was arraigned on May 20, 2003, and pled not guilty.
On December 19, 2003, defendant filed a Motion to Quash, arguing that one of the predicate DWI convictions alleged in the bill of information was invalid. Specifically, defendant complained that he was not properly “boykinized” prior to his 1994 guilty plea to first offense DWI. The trial court heard defendant’s motion on January 29, 2004. Without giving reasons, the trial court granted defendant’s motion and quashed the bill of information only as to the 1994 predicate conviction.
The State made an oral motion for appeal. On February 4, 2004, the State filed a written Motion for Appeal, which was granted.

UFACTS

The bill of information alleges that defendant willfully operated a motor vehicle while intoxicated on July 19, 2002. The bill further alleges that defendant had been twice convicted for DWI: the first time on October 24, 1994, docket number F988982 in First Parish Court in Jefferson Parish; and the second time being on September 22, 1997, docket number F1120249 in First Parish Court in Jefferson Parish.

DISCUSSION

On appeal, the State contends that the trial court erred in quashing defendant’s 1994 predicate DWI offense alleged in the bill of information, arguing that the evidence showed defendant’s guilty plea in that case was knowing and voluntary.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the burden of proving the existence of the guilty plea and that an attorney represented the defendant at the time of the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. The State carries its initial burden by producing a well-executed guilty plea/waiver of rights form and a minute entry which states that the judge has given the defendant his rights. State v. Lowry, 00-107 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275, 1277-1278. If the State meets this burden, the defendant must present affirmative evidence indicating an infringement of his constitutional rights or a procedural irregularity in the taking of the plea. State v. Carlos, supra. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. Anything less than a “perfect” transcript, such as a guilty plea form or a minute entry, will require the trial judge to weigh the evidence submitted by both sides and ^determine whether the defendant’s Boy-kin[1] rights were prejudiced. Id.; State v. Bush, 03-1438 (La.App. 5 Cir. 4/27/04), 873 So.2d 795, 797.
At the hearing on defendant’s motion to quash, the State produced a copy of the First Parish Court record in case number F988982. The record includes a bill of information charging defendant with improper lane change and operating a motor vehicle while intoxicated.[2] The record also includes a waiver of rights form purportedly signed by defendant, his attorney, and *365 the trial judge. The document shows that defendant pled guilty to DWI on October 20, 1994, and that he was represented by counsel at the time of the guilty plea. The State produced sufficient evidence to meet its burden of showing the existence of the predicate guilty plea, and that defendant was represented by counsel. Accordingly, the burden shifted to defendant, who was required to prove there was some procedural irregularity in the taking of the plea.
A guilty plea is not considered valid unless it is freely and voluntarily made. Under Boykin v. Alabama, supra, the decision to plead guilty will not be considered voluntary unless, at the very least, the defendant has been advised of his privilege against self-incrimination, and his rights to a trial by jury and confrontation. The record must also show that the defendant freely and voluntarily waived those rights. State v. Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Davis, 03-488 (La.App. 5 Cir. 11/12/03), 861 So.2d 638, 642-643, writ denied, 03-3401 (La.4/2/04), 869 So.2d 874.
Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor offense to a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives the three Boykin rights. State v. Casse, 00-235 (La.App. 5 Cir. 10/18/00), 772 So.2d 801, 803. The trial judge 15must insure that the accused has a full understanding of what the plea connotes and of its consequences. State v. Vu, 02-1243 (La.App. 5 Cir. 4/8/03), 846 So.2d 67, 71. While a colloquy between the judge and the defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of a proper waiver. Id.
Defendant produced a transcript of the October 20, 1994 guilty plea proceeding. The transcript shows the following exchange between the judge and defendant:
THE COURT:
Okay. Mr. Payton, your attorney indicates you wish to enter a plea of guilty to the charge of Driving While Intoxicated; is that correct?
THE DEFENDANT, CARL PAYTON:
Yes, sir.
THE COURT:
Your attorney has explained your rights to you and those rights you waive when you enter a plea of guilty?
THE DEFENDANT, CARL PAYTON:
Yes, sir.
THE COURT:
You’re satisfied with his representation of you?
THE DEFENDANT, CARL PAYTON:
Yes, sir.
THE COURT:
You’ve executed this Waiver of Rights form?
THE DEFENDANT, CARL PAYTON:
Yes.
THE COURT:
| ^At this time the Court will accept the plea of guilty under Article 894. .
The trial judge did not verbally advise defendant of his rights during the colloquy. However, if the transcript and defendant’s waiver of rights form are taken together, there is sufficient proof of a knowing and voluntary waiver. The colloquy shows that defense counsel explained defendant’s rights to him. It also shows that it was defendant’s decision to waive his rights and plead guilty. The waiver of rights form, signed by defendant, his attorney, and the judge, enumerates the three Boy-kin rights. It further states that defen *366 dant was apprised of and understood the charge against him, and that he wished to waive his rights and enter a guilty plea. The waiver form states, “I fully understand that this conviction may be used against me in the future to enhance or increase the sentence or penalties I will receive for any subsequent conviction of the crime of DRIVING WHILE INTOXICATED.”
In State v. Casse, supra, this Court considered similar facts to those in the instant case, and found the evidence of a prior DWI guilty plea was sufficient to prove the defendant’s knowing and voluntary waiver of rights. In that case, as in this one, no one explained the defendant’s rights to him on the record at the time of the predicate guilty plea, but the transcript of the prior plea showed that the defendant was represented by counsel. Like defendant herein, the defendant in Casse signed a waiver of rights form which stated that he understood his Boykin rights. The judge and the defendant’s attorney signed the form. As in the instant case, the defendant in Casse responded in the affirmative when asked whether his attorney had explained his rights to him.
It is noted that at the motion hearing, defendant produced documents related to his DWI conviction in case number F1120249. The bill of information contained in that exhibit charged defendant with second offense DWI, and alleged 17case number F988982 as the predicate conviction. Among the documents is a handwritten notation: “not a 2nd rights not given for 1st.” Defendant argued in the trial court that he was not found to be a second offender in case number F1120249, because his prior guilty plea in F988982 was unsound. Defendant asked the court to recognize the ruling from First Parish Court. It is not clear whether the trial court in this case based its ruling on that argument. Regardless, defendant cited no jurisprudence or statutory authority for the proposition that the district court was bound by the ruling from First Parish Court, and he has not raised this argument on appeal. Further, we recognize that neither the trial court nor this Court is bound by prior rulings of First Parish Court when deciding issues related to the present matter.
Based on the foregoing, we find that the trial court erred in granting defendant’s Motion to Quash. Accordingly, we reverse the trial court’s ruling and remand the case for further proceedings.
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The record reveals that there are no patent errors in this case.

DECREE

For the reasons set forth above, the ruling of the trial court quashing defendant’s 1994 DWI predicate conviction is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The State eventually dismissed the improper lane usage charge.