NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-555

STATE OF LOUISIANA

VERSUS

JOHN MICHAEL MURPHY

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61467
HONORABLE CHARLES BLAYLOCK ADAMS

**********

MICHAEL G. SULLIVAN
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.

APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.

Hon. Don M. Burkett
District Attorney, 11th JDC
P.O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
    State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P.O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
COUNSEL FOR APPELLANT:
    John Michael Murphy

**Sullivan, Judge.**

On May 4, 2007, this court lodged the appellate record in the above-captioned case. However, the Defendant's written motion for appeal was clearly untimely, as it was filed on February 5, 2007, while sentencing occurred on December 1, 2006.

The record showed that Defendant's trial counsel gave oral notice of intent to appeal at the sentencing hearing, but since it was not immediately clear whether such notice was sufficient to be considered a motion for appeal, on May 7, 2007, this court issued a rule to show cause why the appeal should not be dismissed as untimely.

On May 23, Defendant's appellate counsel filed an answer to the rule, arguing that trial counsel's oral motion was sufficient to preserve his right to appeal. He relies on the language of La.Code Crim.P. art. 914, which states, in pertinent part:

> A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
>
> B. The motion for an appeal must be made no later than:
>
> > (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

As Defendant argues, it is clear that an oral motion for an appeal is sufficient. Also, the fifth circuit has held that the right is preserved by an oral reservation of the right to appeal, pursuant to a *Crosby* plea. *State v. Casse*, 00-235 (La.App. 5 Cir. 10/18/00), 772 So.2d 801.

Also, Defendant notes the relevant colloquy:

MR. MCRAE: Mr. Murphy, do you wish to appeal that sentence?

THE DEFENDANT-MURPHY: What do you mean?

MR. MCRAE: You have a right to seek an appeal, not of the conviction, but of the sentence for the Court of Appeal to review the appropriateness of the sentence this Court has just handed you.

THE DEFENDANT-MURPHY: (Shrugging shoulders)

1

MR. MCRAE:  Your Honor, I give oral notice of intent to appeal.

THE COURT:  Certainly.  You'll follow that with a written motion?

MR. MCRAE:  I'll contact Mr. Toups.

THE COURT:  You're remanded to the custody of the Sheriff.

THE DEFENDANT-MURPHY:  Yes, sir.

COURT ADJOURNED

We question whether the wording used by trial counsel in this case can be considered as equivalent to an oral motion for appeal.  Colloquies similar to the one just quoted appear frequently in district courts throughout the circuit.  However, such situations rarely present problems, because defense attorneys typically follow up with timely written motions for appeal.

In the present case, the record indicates that no action was taken on the oral notice of intent to appeal.  The trial court did not set a return date until trial counsel filed his Motion For Appeal, For Appointment of Appellate Counsel, [and] Designation Of The Record, on February 5, 2007.

We have found no case on point, but note that accepting such oral "notices of intent" could lead to more problems in future cases.  In the present case, the district court and district court clerk's office took no action on trial counsel's oral notice; apparently neither entity recognized the oral notice as a motion for appeal.  The problem should have been recognized by trial counsel, since the court did not set a return date when the notice of intent was given.  Trial counsel did not rectify the situation with a clear written motion until approximately two months later.  If an oral notice of intent to appeal is seen as preserving a defendant's appellate rights, then a clarifying written motion for appeal, designation of record, substitution of counsel,

2

etc., could conceivably be filed many months later. It is also conceivable that such delays could harm substantial interests of defendants and/or the State.

Further, this court's decision not to recognize the oral notice of intent to appeal as an oral motion for appeal will do no substantial harm to Defendant's case, as he may still file motion of post-conviction relief seeking reinstatement of his right to appeal. *State v. Counterman*, 475 So.2d 336 (La.1985).

Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS.**