515 So.2d 609 (1987)
STATE of Louisiana
v.
Aaron SALTER.
No. KA 87 0370.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
*610 William R. Campbell, Jr., Atty. for the State of La., New Orleans, for appellee.
Anthony R. Crouse, Office of Indigent Defender, Covington, for appellant.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
REMY CHIASSON, Retired Judge.
Aaron Salter was charged by a bill of information with first degree robbery, in violation of R.S. 14:64.1. He was tried by a jury and found guilty as charged. Prior to sentencing, the State filed a bill of information charging defendant as habitual offender under R.S. 15:529.1. After a hearing defendant was sentenced by the trial court to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant now appeals his conviction and sentence on the basis of three assignments of error listed in his brief. Only one assignment of errorthe claim that the sentence was improperly imposed under R.S. 15:529.1is discussed in his brief and actually designated and filed in the record as required by La.C.Cr.P. art. 844, therefore our review on appeal is limited to this designated assignment of error and error patent on the face of the appeal. La.C.Cr.P. art. 920; State v. Washington, 430 So.2d 641 (La.1983); State v. Perry, 420 So.2d 139 (La.1982); State v. Overton, 337 So.2d 1201, 1207 (La.1976).
At the hearing on the multiple offender petition, defendant argued that the State had failed to prove that the defendant had been completely and fully advised of his three Boykin rights when he pled guilty to the two predicate offenses. Specifically, defendant contends that the trial court failed to advise him that he had a right to subpoena witnesses on his own behalf. The court found that defendant had been properly advised of his rights and immediately thereafter sentenced him to twenty years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant, on appeal, contends that the general right to confront one's accusers includes the right to compulsory process. He claims, therefore, that his pleas to the predicate offenses were invalid because he was not specifically advised of this right. The right to compulsory process is not one of the rights required by the trial judge in order to insure that a guilty plea is knowingly and intelligently made. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.) writ denied, 433 So.2d 721 (La.1983); see also State v. Lewis, 367 So.2d 1155, 1159, n. 2 (La.1979), overruled in part on other grounds; State v. Holden, 375 So.2d 1372 (La.1979). At the hearing on the habitual offender petition the court did not specifically adjudicate defendant to be a habitual offender. The multiple offender petition however does not specifically charge defendant as a third felony offender, thus the sentence imposed is one imposed for a second offender. The sentence of twenty years at hard labor without benefit of probation, parole or suspension of *611 sentence is only one-half the maximum sentence for a first offender and is a valid sentence for either a second or third felony offender and is, in fact, the statutory minimum for a third offender. We find therefore that defendant's assignment of error has no merit.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.