836 So.2d 1206 (2003)
STATE of Louisiana, Appellee,
v.
Billy Ray JOSEPH, Appellant.
No. 36,776-KA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
Louisiana Appellate Project by J. Wilson Rambo, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Shenequa L. Grey, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, J.
The defendant, Billy Ray Joseph, was found guilty as charged of driving while intoxicated, third offense. He argues on appeal that the evidence was insufficient to prove that he operated a vehicle while under the influence of alcohol. We affirm the defendant's conviction, but we remand the matter to the trial court for re-sentencing according to law.

*1207 FACTS
At around 11:00 a.m., on March 1, 2001, an accident involving three vehicles occurred at the intersection of Hearne and Vivian in Shreveport, Louisiana. The accident resulted when a white Chevrolet pickup truck ran a stop sign on Vivian. As explained at trial by James Monette and Michael Foust, both witnesses to the accident, the Chevy truck hit a Dodge truck with an attached horse-trailer, thereby causing the trailer to jack-knife and hit Monette's vehicle. The driver of the Chevy truck fled the scene and left the vehicle behind.
Corporal Kelly Silva of the Shreveport Police Department ("SPD") responded to the accident. Officer Silva received information that the driver of the Chevy had left the scene. While canvassing the area in a patrol car, Officer Silva came across Jack Wynn, who informed the officer that he had been flagged down by a black male with a little boy and had given them a ride to the Lakehurst area. The address on the registration papers found in the glove box inside the abandoned Chevy was located on Lakehurst. Officer Silva and another officer proceeded to the address listed on the registration. A little boy answered the door. The defendant was also in the house with the boy. Officer Silva noted an odor of alcohol about the defendant. Alcohol had also been found in the abandoned Chevy. The defendant was placed under arrest. Officer Silva testified that approximately twenty to twenty-five minutes elapsed from the time of dispatch to the accident scene until arrival at the Lakehurst address. Wynn testified that he was later called back to the accident scene where he identified the man who had been arrested as the man he gave a ride to earlier, however he could not identify the defendant at trial.
Following the arrest, the defendant was transported to SPD's traffic bureau where he underwent field sobriety testing and submitted to the Intoxilyzer test. The defendant was informed of his rights, and the testing was videotaped. The video was played for the jury at trial. The results of the Intoxilyzer were 0.155 grams percent at 12:54 p.m. The defendant admitted on the video to driving the vehicle at the time of the accident. He stated on the video that he began drinking at 8:30 a.m., that he last had a drink at either 9:30 a.m. or 10:30 a.m., and that he had not consumed alcohol since the accident. The evidence introduced at trial also established two prior DUI convictions on the defendant's record. The defense offered no evidence at trial.

DISCUSSION

Sufficiency of the Evidence
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution.
When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant *1208 was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
To convict an accused of driving while intoxicated, the state is required to prove that the defendant was operating a vehicle while under the influence of alcoholic beverages or when his blood alcohol concentration is 0.10 percent or more. La. R.S. 14:98(A).
The defendant argues that the state failed to prove that he operated his vehicle while intoxicated. He claims that at least forty-five minutes to an hour elapsed from the time of the accident until the officers' arrival at his house and suggests that it is reasonable to believe that he consumed alcohol in this period of time. The defendant also asserts that no witness identified him as the person involved in the accident or testified that he was drinking alcoholic beverages prior to or at the time of the accident.
Viewing the evidence in the light most favorable to the prosecution, it is clear that the state proved beyond a reasonable doubt every essential element of the crime. The defendant suggests that this is a case built on circumstantial evidence which is not sufficient to prove that he operated the vehicle or was intoxicated when the accident occurred. However, the defendant overlooks his own words on the video which was played for the jury. In the video, the defendant admitted to consuming alcohol prior to the accident and to driving the Chevy pickup truck at the time of the accident. Contrary to his theory on appeal, the defendant further stated on the video that he did not consume alcohol after the accident occurred. Finally, the video shows that the defendant blew a percentage of 0.155 on the Intoxilyzer. This amount is well over the blood alcohol concentration limit required to prove the elements of the crime as set forth in La. R.S. 14:98.
The evidence presented at trial further showed that officers confronted the defendant and observed signs of intoxication within approximately twenty to twenty-five minutes following the accident. Moreover, alcohol was found in the vehicle from which the defendant fled following the accident. The defendant's unsupported claim that he became intoxicated to the level of 0.155 in the twenty to twenty-five minutes after the accident is unreasonable, especially considering the time it took him to flee the scene and arrive at his residence. According to the testimony of Jack Wynn, at least fifteen minutes passed from the time he was flagged down by the man with the boy until he dropped them off in the Lakehurst area. It is highly unlikely that the appellant could have consumed enough alcohol in the short time period remaining to raise his blood alcohol to 0.155.
*1209 Based on the evidence presented at trial, a rational trier of fact could have concluded, and in fact did conclude, that the defendant was indeed driving while intoxicated. Through his own videotaped admissions, the defendant placed himself as the driver of the vehicle which caused the accident and admitted to drinking the morning of the accident. The defendant was located within approximately twenty-five minutes following the accident through information from witnesses and the information on the vehicle registration papers. Officers detected an odor of alcohol about the defendant, and alcohol was found in the defendant's vehicle. Finally, the results of the field sobriety tests and the Intoxilyzer established the defendant to be under the influence of alcohol. Viewing this evidence in the light most favorable to the prosecution, we conclude that the trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. This claim is therefore without merit.

Error Patent Review
On May 20, 2002, the defendant was sentenced to serve three years at hard labor, six months without benefit of parole, probation, or suspension of sentence. Further, the defendant's sentence was suspended except for six months, and he was placed on active supervised probation for three years.
This sentence was imposed in accordance with La. R.S. 14:98(D) as it existed at the time of the offense. However, in 2001, the legislature amended La. R.S. 14:98 to change the way in which an offender serves the sentence imposed by the court. In State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, the Louisiana Supreme Court determined that, with regard to La. R.S. 14:98 and its 2001 amendments, the law in effect at the time of conviction governs sentencing. Under the 2001 amendments, the appellant's sentence is illegal.
La. R.S. 14:98, in pertinent part, now provides:
D.(1)(a) On a conviction of a third offense, notwithstanding any other provision of law to the contrary and regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks nor more than six weeks.
(c) The offender may be sentenced to additional outpatient substance abuse treatment services to meet the offender's needs if determined to be necessary by the offender's treating physician, for a period not to exceed twelve months. The follow-up treatment shall be provided in a manner to gradually decrease the intensity of treatment services.
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph, the offender shall be sentenced to home incarceration *1210 for not less than the period of time remaining on the offender's suspended sentence as provided in Paragraph (3) of this Subsection.
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration.
(2)(a) In addition, the court shall order that the vehicle being driven by the offender at the time of the offense shall be seized and impounded, and sold at auction in the same manner and under the same conditions as executions of writ of seizures and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure.
(b) The vehicle shall be exempt from sale if it was stolen, or if the driver of the vehicle at the time of the violation was not the owner and the owner did not know that the driver was operating the vehicle while intoxicated. If this exemption is applicable, the vehicle shall not be released from impoundment until such time as towing and storage fees have been paid.
(c) In addition, the vehicle shall be exempt from sale if all towing and storage fees are paid by a valid lienholder.
(d) The proceeds of the sale shall first be used to pay court costs and towing and storage costs, and the remainder shall be forwarded to the Council on Automobile Insurance Rates and Enforcement for its use in studying other ways to reduce drunk driving and insurance rates.
(3)(a) An offender sentenced to home incarceration shall be supervised and shall be subject to any of the conditions of probation. The court shall specify the conditions of home incarceration which shall include but shall not be limited to the following:
(i) Electronic monitoring.
(ii) Curfew restrictions.
(iii) Home visitation at least once per month by the Department of Public Safety and Corrections.
(b) The court shall also require the offender to obtain employment and to participate in a court-approved driver improvement program at his expense. The activities of the offender outside of his home shall be limited to traveling to and from work, church services, Alcoholics Anonymous meetings, or a court-approved driver improvement program.
(c) Offenders sentenced to home incarceration required under the provisions of this Section shall be subject to all other applicable provisions of Code of Criminal Procedure Article 894.2.
The amended sentencing provisions reduce the defendant's actual time of incarceration and impose a comprehensive rehabilitation program.
An illegal sentence may be corrected at any time. La.C.Cr.P. art. 882. Further, the appellate court may notice sentencing errors as error patent. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Therefore, we vacate the sentence imposed by the trial court and remand this matter to the trial court for re-sentencing according to law.

CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed; however, the sentence is hereby vacated, and this case remanded to the trial court for re-sentencing according to law.
CONVICTION AFFIRMED.
*1211 SENTENCE VACATED; REMANDED.