845 So.2d 1123 (2003)
STATE of Louisiana
v.
Justin ISIDORE.
No. 02-KA-1121.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1124 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Frank Brindisi, Assistant District Attorneys, Parish of Jefferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
The defendant, Justin Isidore, pled guilty to two counts of third offense operating a vehicle while intoxicated (DWI), *1125 violations of La. R.S. 14:98(D). Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), he reserved his right to appeal the judge's denial of his motion to quash. He was sentenced to one year at hard labor on each count, with 222 days of each of the sentences to be suspended and was placed on active probation for one year. On each sentence, the trial judge ordered defendant to pay a fine of $2,000.00, court costs, and $100.00 commissioner's fee. Further, the trial judge ordered the sentences to be served concurrently with each other and with sentences on misdemeanor offenses that were also imposed that day, but are not at issue in this appeal. Defendant now appeals from his felony convictions.
In his first allegation of error, the defendant alleges that the trial court erred in denying his motion to quash because the predicate guilty pleas are constitutionally infirm. Specifically, defendant contends that the 1994 predicate is invalid because he was told when pleading guilty in 1994, that the conviction would be cleansed after five years. Defendant contends that the 1999 predicate is invalid because he was not advised of his right to compulsory process.
The Louisiana Supreme Court established the procedure for the defendant to challenge a predicate guilty plea in State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559.[1] Pursuant to Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea. State v. Carlos, 738 So.2d at 559. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. State v. Carlos; Accord, State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 492.
In this case, there was no evidence introduced at the hearing on the motion to quash. However, defendant attached the waiver of rights and bill of information of the 1994 guilty plea to his motion to quash. The waiver of rights form contains signature lines for the defendant, the defendant's attorney, and the trial judge. All three lines contain signatures. The waiver of rights form shows the existence of a guilty plea and indicates that defendant was represented by counsel when he entered the guilty plea. Furthermore, defendant does not contest the existence of the plea, nor does he assert he was unrepresented at the time.
The State's initial burden under Carlos was satisfied. It then became incumbent upon the defendant to produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant claims the 1994 guilty plea was invalid because the waiver of rights form indicates that he was told that the "conviction would be cleansed within five years." As pointed out by the State's brief, however, the waiver of rights form does not so inform defendant. Rather, the form provides the penalty ranges from first offense through fourth offense DWI. Further, the form indicates that the court would not consider any DWI conviction that had occurred more than five years before the offense to which defendant pled guilty in 1994. Finally, *1126 the form does not indicate that defendant was told the 1994 conviction would be "cleansed" within five years.
Defendant also asserts that the applicable cleansing period in effect when defendant pled guilty in 1994 had lapsed by the time defendant committed the next offense. Again, the defendant's position is not well founded. As of the date of defendant's guilty plea on July 27, 1994, the cleansing period was ten, not five years. La. R.S. 14:98(F)(2) was amended by 1993 La. Acts No. 669, § 1 to increase the cleansing period from five to ten years. In State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446 (per curiam), the court held that applying the amended cleansing period to DWI offenses committed after the amendment did not violate the Ex Post Facto clauses of the United States and Louisiana Constitutions.
The defendant failed to meet his burden of showing that there was an infringement of his rights or a procedural irregularity in the taking of the 1994 guilty plea.
Defendant contends that the second predicate plea, entered on October 28, 1999, was constitutionally invalid because he was not advised of his right to compulsory process. As stated above, pursuant to Carlos, the State's initial burden is to show the existence of a guilty plea and that defendant was represented at the time. No evidence relating to the 1999 guilty plea was introduced at the motion to quash hearing. However, the defendant attached the waiver of rights form from the 1999 guilty plea to his motion to quash. As with the 1994 guilty plea, the waiver of rights form from the 1999 guilty plea contains signature lines for the defendant, the defendant's attorney, and the trial judge. All three lines contain signatures. The waiver of rights form shows the existence of a guilty plea and indicates that defendant was represented by counsel when he entered the guilty plea. Again, defendant does not contest the existence of the plea, nor does he assert he was unrepresented at the time. Rather, defendant challenges this plea on the basis that he was not advised of the right to compulsory process.
However, the right to compulsory process is not a right of which a defendant must be advised before pleading guilty. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court explained that three federal constitutional rights are waived by a guilty plea: the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. A waiver of these rights cannot be presumed by a silent record. Boykin, 395 U.S. at 243, 89 S.Ct. at 1712. The Boykin court did not mention, however, the right to compulsory process as one of the rights waived by a guilty plea.
In State v. Crayton, 34,990 (La.App. 2 Cir. 9/26/01), 796 So.2d 87, 91, the court found that the defendant's predicate guilty plea was valid even though the defendant was not advised of the right to compulsory process. The court reasoned that "Boykin... [does not] ... include the right to compulsory process." Id. See also, State v. Jones, 31-613 (La.App. 2 Cir. 04/01/99), 733 So.2d 127, 144-145, writ denied, 99-1185 (La.10/01/99), 748 So.2d 434; State v. Salter, 515 So.2d 609 (La.App. 1 Cir.1987).
Advising a defendant of the right to compulsory process is not a constitutional component of a guilty plea. Since defendant failed to produce any affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea, he failed to meet his burden as provided in State v. Carlos, supra. We find that the trial judge properly denied defendant's motion to quash.
*1127 We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find that the defendant's sentence is illegally excessive. The trial judge ordered 222 days of the one-year sentence to be suspended, leaving 138 days that were not suspended. (360 days - 222 days = 138 days). The trial judge was only authorized to order the defendant to serve thirty (30) days of imprisonment.
La. R.S. 14:98(D) was amended by 2001 La. Acts 1163, § 2, effective August 15, 2001. Although the sentencing range is the same, the amendment altered the manner in which the sentence is to be served. The mandatory term of imprisonment has been reduced from six months imprisonment without benefit of probation, parole or suspension of sentence to thirty days without benefits. La. R.S. 14:98(D)(1)(a). The statute also provides that "[t]he remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder." Id. (Emphasis added). This evaluation includes a term of treatment at an inpatient facility for not less than four weeks and not more than six weeks, after which the defendant shall serve the remaining portion of the sentence in home incarceration. La. R.S. 14:98(D)(1)(b) & (d) and La. R.S. 14:98(D)(3)(a)-(c).
Section G of the newly amended statute provides the following statement of legislative purpose:
G. The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further, the legislature finds that there are successful treatment methods available for treatment of addictive disorders. Court-approved substance abuse programs provided for in Subsections B, C, and D of this Section shall include a screening procedure to determine the portions of the program which may be applicable and appropriate for individual offenders and shall assess the offender's degree of alcohol abuse.
In the present case, defendant committed both the offenses after the amendment's effective date, with the first offense in September 2001 and the other in February 2002. Thus, defendant clearly fell within the ambit of the amended penalty provisions. Nevertheless, the trial judge suspended only 222 days of defendant's one-year sentence when he should have suspended all but the mandatory thirty days without benefits. Further, the trial judge failed to impose the sentence with the treatment provisions now available to third and fourth DWI offenders convicted after August 15, 2001.
Accordingly, we vacate defendant's sentences and remand this matter for resentencing in accordance with the amendment to La. R.S. 14:98(D). State v. Joseph, 36,766 (La.App. 2 Cir. 1/29/03), 836 So.2d 1206; State v. Eppinette, 36,825 (La.App. 2 Cir. 2/11/03), 838 So.2d 189.
For the above-discussed reasons, the defendant's convictions are affirmed. His sentences are vacated and the matter is remanded for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED.
NOTES
[1] State v. Carlos extended the burden-shifting principles applicable to multiple offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La.1993), to the recidivist provisions of the DWI statute. See, State v. Naquin, 00-291, 00-296 (La.9/29/00), 769 So.2d 1170 (per curiam).