JjYELVERTON, Judge.
Defendant, Robert W. Sadler, pleaded guilty to operating a vehicle while intoxicated (DWI), third offense, in violation of La.R.S. 14:98. He made a Crosby reservation of his right to appeal the denials of a motion to suppress and a motion to quash the bill of information.
The motion to suppress evidence of his intoxication was based upon whether the officers had reasonable suspicion to stop the defendant based on his erratic driving. Early on the morning of February 14, 1996, two DeQuincy Police Officers were dispatched by a 911 call to the place where defendant was driving his truck. While they were observing the defendant, his truck went clean off the highway and the 12paved shoulder, then jerked back. When the defendant exited his truck, he had to hold onto the truck to get out and hold onto it to walk back to where the officer met him. He smelled of alcohol, his eyes were bloodshot and glassy, and he failed the field sobriety test. The motion to suppress was properly denied and this assignment of error has no merit
The second assignment of error, the denial of the motion to quash the bill of information, does have merit. The motion to suppress was based upon the argument that the present third offense DWI charge was based upon a predicate conviction for DWI first offense of July 7,1993, and that the predicate conviction was invalid because defendant was not represented by counsel and that there is no affirmative showing on the record that he knowingly and intelligently waived his right to counsel.
An examination of his guilty plea on July 7,1993, in the city of Sulphur, fails to reveal a knowing and intelligent waiver of his right to counsel. An inquiry by the court is required to insure that the accused is making a knowing and intelligent waiver. The nature of the requisite inquiry varies according to the circumstances and stage of the proceeding. State v. Strain, 585 So.2d 540 (La.1991). There is no record in the Sulphur ease that the trial court inquired into the defendant’s age, education, or mental condition. The defendant gave “Yes, sir” and “No, sir” answers to all questions. There is simply no way to ascertain, from the record of the trial proceedings, the defendant’s ability to defend himself, his literacy, competency, understanding, and volition. State v. Bell, 381 So.2d 393 (La.1980); City of Monroe v. Wyrick, 393 So.2d 1273, (La.1981). The only evidence in the record of his waiver of the right |gto counsel is on the printed waiver form, which is not enough. State v. Deroche, 96-1376 (La.11/8/96); 682 So.2d 1251.
For this reason the defendant’s conviction and sentence for DWI third offense is vacated. We enter a judgment of guilty to DWI second offense, and we remand the case to the district court for resentencing.
JUDGMENT OF GUILTY TO DWI THIRD OFFENSE VACATED; JUDGMENT OF GUILTY TO DWI SECOND OFFENSE RENDERED; REMANDED FOR RESENTENCING.