738 So.2d 556 (1999)
STATE of Louisiana
v.
Duane CARLOS.
No. 98-KK-1366.
Supreme Court of Louisiana.
July 7, 1999.
Richard P. Ieyoub, Attorney General, Joseph L. Waitz, Jr., District Attorney, Ellen Marjorie Daigle, Baton Rouge, Counsel for Applicant.
Courtney Elizabeth Alock, Houma, Counsel for Respondent.
KIMBALL, Justice.[*]
We granted certiorari to decide whether the burden-shifting principles delineated in State v. Shelton, 621 So.2d 769 (La.1993), should be extended to the recidivist portions of the DWI statute, La. R.S. 14:98. On defendant's motion, the district court quashed the use of a prior plea of guilty for driving while intoxicated (DWI) as a predicate offense for DWI, third offense (DWI-3), reasoning that the State's failure to produce a contemporaneous Boykin[1] *557 transcript was fatal to the charge. Finding that Shelton's principles are appropriately applied to multiple-offender DWI cases, and that the State met its initial burden of proof under Shelton, we reverse and remand to the district court for a hearing to allow the defendant the opportunity to meet his burden to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.

FACTUAL BACKGROUND
On July 26, 1997, defendant Duane Carlos was charged by bill of information for DWI-3 in violation of La. R.S. 14:98. The bill contained information of two prior DWI convictions in Terrebonne Parish:
1. "[T]he accused entered a guilty plea and signed a Jones Waiver to the offense of driving while intoxicated second (2nd) offense, in violation of La. R.S. 14:98 in bill of information number 179,835, Parish of Terrebonne, Louisiana, said having been entered on September 13, 1988 to the offense committed on May 24, 1988."
2. "[T]he accused was found guilty of driving while intoxicated second (2nd) offense, in violation of La. R.S. 14:98 in bill of information number 231,343, Parish of Terrebonne, Louisiana said having been tried and sentenced on March 9, 1993 to the offense committed on September 17, 1992.
The defendant moved to quash the use of the 1988 guilty plea in the instant DWI-3 proceeding. He argued that the plea may not be used to enhance the charge to DWI-3 because the trial court received the plea without a contemporaneous record and without ensuring a knowing and voluntary waiver of defendant's rights.
At the hearing on the motion to quash, the State introduced the entire record of the 1988 conviction for DWI-2. The record contained a printed waiver of rights form signed by the defendant, his attorney, and the trial judge, and a minute entry which states:
179,835 Count 1DWI 2dDuane Carlos 9-13-88 Pled Guilty$350 & csot [sic] & 5 months suspended during good behavior, Pay fine and csot. [sic] 6 months unsupervised probation w/cond: 15 days parish jail or 30 8 hour days community service. Substance abuse, & driver improvement. $100 to Sheriff's Office.
The printed waiver of rights form attests that the defendant had been advised of, understood, and waived his right to a bench trial and to confront his accusers, and his privilege against self-incrimination. The form further states that the defendant had been advised of the applicable penalty range for the offense, his right to counsel at all times in the proceedings, and to appeal or review by writ if convicted after trial. Finally, the form vouches that "[t]he Judge has addressed me personally as to all of these matters...."
After the hearing, the trial court quashed the predicate guilty plea, reasoning that "there is no transcript available to indicate the magic words that the Court was satisfied that the defendant knew and understood his rights at the time of the Jones soliloquy [sic]. For that reason the Court would necessarily quash the predicate offense as it stands in this particular case." R. p. 20. The State sought supervisory writs to the first circuit which denied review. State v. Carlos, 98-0379 (La. App. 1st Cir. 4/20/98). We granted the State's application for certiorari, 98-1366 (La.2/5/99), 737 So.2d 732, to determine whether Shelton's burden-shifting rule should be extended to the recidivist provisions of the DWI statute. See La. Sup.Ct. R. X, § 1(a)(3).

LAW AND ANALYSIS
The State maintains that the evidence it submitted to prove that the trial court informed defendant of his Boykin rights before pleading guilty to his first *558 DWIa waiver of rights form and the aforementioned minute entrywas sufficient under this Court's decision in State v. Shelton, 621 So.2d 769 (La.1993). The State acknowledges that this Court in Shelton revised the burden of proof only with respect to habitual offender proceedings under La. R.S. 15:529.1, id. at 779 n. 23; nevertheless, the State advocates that Shelton should be extended to the present context because the presumption of regularity which led the Shelton court to adopt the logic of Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), for shifting the burden of production and persuasion to the defendant in collaterally attacking his prior convictions, should apply with even greater force in prosecutions in which the stakes are far less than in multiple offender proceedings under La. R.S. 15:529.1. Thus, the State argues that it has produced proof that satisfies its initial Shelton burden and that the case should therefore be remanded to allow defendant the opportunity to submit affirmative rebuttal evidence.
The crime of operating a vehicle while intoxicated is set forth at La. R.S. 14:98. The crime consists of the operation of a motor vehicle or certain other means of conveyance when the operator is (1) under the influence of alcoholic beverages, (2) affected by a blood alcohol concentration of 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood, or (3) under the influence of any controlled dangerous substance listed in Schedule I-V of R.S. 40:964. La. R.S. 14:98(A)(1)(a)-(c). Section 98 delineates enhanced penalties upon second, third, and fourth and subsequent convictions of the offense of DWI. La. R.S. 14:98(B)-(E). In addition, Subsection J states that a conviction under certain other Louisiana statutes, such as vehicular homicide, and under the DWI laws of other states, shall constitute a "prior conviction" under the recidivist portions of La. R.S. 14:98. See La. R.S. 14:98(J). The determination of whether a Subsection J conviction shall constitute a prior conviction under the sentence enhancement provisions of Section 98 "shall be made by the court as a matter of law." Id.
We note that prior jurisprudence from this Court has deemed predicate convictions used in multiple offender DWI prosecutions as both "essential elements" of the offense that must be proved by the State beyond a reasonable doubt, City of Monroe v. French, 345 So.2d 23, 24 (La. 1977); State v. Krause, 405 So.2d 832, 833 (La.1981), and as essential averments that do not constitute a "material ingredient" of the crime, State v. Montgomery, 250 La. 326, 195 So.2d 285, 287 (1967); State v. Washington, 248 La. 894, 182 So.2d 528, 529 (1966). See State v. Mobley, 592 So.2d 1282 (La.1992) (per curiam) (recognizing the apparent conflict in our jurisprudence on the issue of whether the recidivist portions of the DWI statute constitute "essential elements" of the crime). Indeed, in Montgomery, this Court reasoned that prior DWI convictions do not constitute a material element of the crime charged or form any part of the act for which the defendant is being prosecuted. 182 So.2d at 529. Rather, "[t]he accused is being prosecuted, and may be tried and punished, not for the previous offenses, but for the last offense, though the punishment for this last offense is enhanced because of the previous convictions." Id. Thus, it appears that the Court in French and Krause departed from the long-held view, expressed in Montgomery and its progenitors, that prior convictions do not form part of a DWI offense, but rather the sentencing mechanism, which affects the State's burden of proof with regard to the prior convictions. Considering that the present interpretation holds the recidivist provisions to be "elements" of the DWI statute,[2] however, it is clear that the burden rests on the State to prove at trial, beyond a reasonable *559 doubt, the existence of the prior convictions and the defendant's identity as the prior offender, when charging a second, third, or subsequent offense. See State v. Krause, 405 So.2d 832, 833 (La. 1981).
Additionally, in State v. Jones, 404 So.2d 1192 (La.1981), we extended the three-right articulation rule of State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) (interpreting Boykin), to the taking of misdemeanor guilty pleas in Louisiana. The extension of the Boykin-Jackson rule to multiple offender DWI cases spawned numerous collateral challenges to the constitutional validity of prior convictions used for sentence enhancement. See, e.g., State v. Sadler, 96-1524 (La.App. 3d Cir.4/30/97), 693 So.2d 866; State v. Longo, 560 So.2d 530 (La.App. 1st Cir.1990); State v. Ayres, 509 So.2d 763 (La.App. 2d Cir. 1987). These challenges typically turn on the sufficiency of the State's evidence in attempting to show compliance with the Jones extension of the Boykin-Jackson rule. See Sadler, 96-1524, pp.2-3, 693 So.2d at 866. The State submits that the evidence produced in this casea well-executed guilty plea form and minute entryis sufficient to meet its burden under Jones. Finding that Shelton's principles are appropriately extended to multiple-offender DWI cases, we agree that the State has met its initial burden under Shelton. Consequently, we must vacate the trial court's order which quashed the bill for DWI-3 in this case.
In Shelton, this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. 621 So.2d at 779 (relying on Parke, 506 U.S. at 34, 113 S.Ct. at 525-26). Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions.[3]Id. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. Id. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. Id. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy.[4] Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced. In Shelton, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which stated, inter alia, that the judge "gave the Defendant his rights." Id. at 770, 780.
We believe that these burden-shifting principles are logically applicable to the recidivist provisions of the DWI statute. The collateral attack on the prior guilty plea made by Carlos in the motion to quash is closely analogous to the recidivism proceeding at issue in Shelton. In both proceedings, the issue of the constitutionality *560 vel non of prior convictions, which are questions of law for the Court to decide, were squarely placed before the Court in a proceeding separate from the fact questions. In the DWI context, we believe such pre-trial determinations allow for efficient disposal of questions that may impact the integrity of predicate offenses used for sentence enhancement, while giving due respect for final judgments that are owed a presumption of regularity. A Shelton hearing that tests the validity of offenses sought to be used in multiple-offender DWI cases does not, however, remove the burden from the State to prove the existence of the conviction at trial. The State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity as the prior offender.[5]
The State in this case has submitted sufficient proof of the existence of the prior guilty plea and that the defendant was represented by counsel at the time it was taken. As in Shelton, the case is remanded to the district court with instructions to allow the defendant an opportunity to attempt to meet his burden of production at a hearing to be held consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[*] Traylor, J., not on panel. See Rule IV, Part 2, § 3.
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] In this proceeding, we do not find it necessary to resolve the issue of whether the recidivist portions of the DWI statute constitute "elements" of the crime of DWI.
[3] The ban on collateral attacks of underlying offenses is based on the principle that "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." Parke, 506 U.S. at 30, 113 S.Ct. at 523 (citing Voorhees v. Jackson, 35 U.S. (10 Pet.) 449, 472, 9 L.Ed. 490 (1836)); see also State v. Davis, 559 So.2d 114 (La.1990) (per curiam) ("There is a presumption of regularity in judicial proceedings.")
[4] In Shelton, we defined a "perfect" transcript as one "which reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin." 621 So.2d at 775 n. 12.
[5] We are joined by several other states in affording a presumption of regularity to prior convictions in multiple-offender DWI cases and by placing the burden on defendant to show a constitutional deficiency in the judgment once the State proves the existence of the conviction. Montana v. Couture, 959 P.2d 948 (Mont.1998); Idaho v. Beloit, 123 Idaho 36, 844 P.2d 18 (1992); Dressler v. Nevada, 107 Nev. 686, 819 P.2d 1288 (1991).