767 So.2d 884 (2000)
STATE of Louisiana
v.
Kirk LOUPE.
No. 00-KA-165.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 2000.
*885 Mark A. Marino, Destrehan, Louisiana, Attorney for Appellant, Kirk Loupe.
Harry J. Morel, Jr., District Attorney for the Parish of St. Charles, Howat A. Peters, Jr., Assistant District Attorney, Hahnville, Louisiana, Attorney for Appellee, The State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On February 5, 1999, defendant, Kirk Loupe, was charged by bill of information with driving while intoxicated, fourth offense (DWI-4), in violation of La. R.S. 14:98. Defendant pled not guilty and moved to quash the bill of information on the basis that two of the three prior DWI convictions (in 1989 and 1991) could not be used as predicate offenses. At the hearing on defendant's motion, the state did not contest the motion to quash the 1989 conviction, and the trial court granted defendant's motion to quash in that regard. However, the trial court denied defendant's motion to quash the 1991 conviction.
On October 20, 1999, defendant entered into a negotiated guilty plea under State v. Crosby, 338 So.2d 584 (La.1976) to DWI-3, reserving his right to challenge the trial court's ruling on the motion to quash. Defendant executed a waiver form in which he and his counsel initialed his understanding of his guilty plea and his Boykin v. *886 Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) constitutional rights. Defendant waived all legal delays, and was thereafter sentenced pursuant to his plea.
The trial court sentenced defendant to three years with the Department of Corrections. The sentence was suspended for one and one-half years, with six months of the sentence to be served in Parish Prison. Defendant was ordered to serve one year of home incarceration upon his release from Parish Prison. Additionally, defendant was placed on active probation for three years, commencing upon his release from Parish Prison. Further, the trial court imposed special conditions of probation, and allowed defendant to remain free on bond pending the outcome of his appeal.
In defendant's sole assignment of error, defendant asserts that the trial court erred in denying the motion to quash his 1991 conviction. Defendant argues that his 1991 conviction could not be used as a predicate because of a defective Boykin colloquy.
At the hearing on defendant's motion to quash, the defense introduced a certified copy of the transcript from defendant's May 6, 1991 guilty plea proceeding in the Twenty-Ninth Judicial District Court. The transcript shows that defendant was represented by counsel and that pursuant to defendant's plea of guilty to DWI-1, the state agreed to nolle prosse other charges pending against defendant, including illegal discharge of a weapon, failure to maintain control, hit and run, and operating a vehicle with a suspended license.
The transcript also shows that the trial judge informed defendant of the DWI charge against him by reading the bill of information, recited the statute defendant was charged with violating (R.S. 14:98), and informed defendant of his sentencing exposure for a DWI-1 conviction. Thereafter, the following colloquy occurred between the trial judge and defendant:
THE COURT:
You have a right to have a trial before a judge. You have a right not to take the witness stand. You have a right to cross-examine people at this trial, and you have a right to have an attorney. Those rights can be waived provided you voluntarily and intelligently waive them.
As I understand, you want to plead guilty because you are, in fact, guilty. Is that correct?
ACCUSED:
Yes, your Honor.
Thereafter, the trial judge sentenced defendant to six months in Parish Prison, suspended, placed defendant on probation, fined defendant $500.00 plus court costs, and ordered defendant to perform thirty-two hours of community service and participate in substance abuse and driving improvement programs.
On appeal, defendant argues that the colloquy between defendant and the trial judge was inadequate in that although the trial judge enunciated defendant's constitutional rights, the judge did not specifically ask defendant if he understood those rights and made no express finding that those rights were freely, knowingly, and voluntarily waived. Defendant therefore argues that his guilty plea was constitutionally infirm. We disagree.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559, the Louisiana Supreme Court extended the burdenshifting principles for habitual offender proceedings announced in State v. Shelton, 621 So.2d 769 (La.1993) to the recidivist provisions of the DWI statute. Based on Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the state bears the initial burden to prove the existence of a guilty plea and that counsel represented defendant at that plea. Carlos, at 559. In this matter, it is clear that the state met its initial burden.
If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement *887 of his rights or a procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy [reflecting a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykinthe right to a trial, the privilege against self incrimination, and the right to confront accusers]. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced.
Carlos, at 559 (citations and footnote omitted).
In the matter before us, we find that while the May 6, 1991 Boykin transcript does not rise to the level of "perfect" as stated in Carlos, the state nevertheless proved the constitutionality of defendant's plea, and that defendant's Boykin rights were not prejudiced.
Before he pled guilty, defendant was advised by the trial judge of his Boykin rights. Defendant was specifically advised of his right to a trial, his privilege against self incrimination, his right to confront his accusers, and his right to counsel. Further, the record shows that defendant was represented by counsel, and the colloquy establishes that defendant had the option of waiving his rights, provided he did so voluntarily and intelligently. Additionally, the transcript reveals that defendant's plea agreement resulted in several other pending charges against him being dropped, and that the trial judge had the opportunity to observe defendant's demeanor prior to accepting his plea. Under these circumstances, we do not find that defendant's Boykin rights were prejudiced. Therefore, the trial court did not err in denying defendant's motion to quash his May 6, 1991 conviction for DWI.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and two are noted. We first note that part of defendant's sentence included home incarceration pursuant to La.C.Cr.P. art. 894.2. However, it does not appear from the record that the trial court specified the conditions of home incarceration at the time of sentencing, as required by article 894.2C.
We also find that at the time of sentencing, the trial court failed to inform defendant that he had two years "after the judgment of conviction and sentence has become final" to file post-conviction relief. La.C.Cr.P. art. 930.8 A.
While we affirm defendant's conviction and sentence, we remand the matter to the trial court to hold a hearing regarding the conditions of defendant's home incarceration. The trial court is further instructed to inform defendant of the post-conviction relief period pursuant to La.C.Cr.P. art. 930.8.
CONVICTION AND SENTENCE AFFIRMED; REMANDED.