879 So.2d 204 (2004)
STATE of Louisiana
v.
Donald L. DEVILLE.
No. 2003 KA 2436.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*205 Doug Moreau, District Attorney, Wick Cooper, Kory J. Tauzin, Assistant District Attorneys, Baton Rouge, Counsel for Plaintiff/Appellant State of Louisiana.
Greg A. Rozas, Mandeville, Counsel for Defendant/Appellee Donald L. Deville.
Before: PETTIGREW, DOWNING and McCLENDON, JJ.
DOWNING, J.
Defendant, Donald Deville, was charged by bill of information with operating a vehicle while intoxicated, third offense, a violation of La. R.S. 14:98 D. Defendant entered a plea of not guilty and filed a motion to quash the bill of information on the basis that one of the predicate offenses was deficient. The trial court granted the motion to quash. The state appeals. For the following reasons the judgment of the trial court is affirmed.

*206 FACTS
On March 22, 2002, Sergeant James Sullivan of the Zachary Police Department initiated a traffic stop of defendant's vehicle. Sgt. Sullivan had observed defendant driving erratically. After defendant exited his vehicle, Sgt. Sullivan observed defendant staggering, slurring his speech, and swaying. The officer also noted a strong odor of alcohol on defendant's breath. After defendant performed poorly on a field sobriety test, he was arrested for driving while intoxicated (DWI). Defendant was transported to the Zachary Police Department where he consented to an Intoxilyzer test, which indicated a blood alcohol level concentration of .223 grams percent.
Defendant was charged by bill of information with DWI, third offense. In support of the charge of DWI, third offense, the state presented evidence of two predicate offenses. Evidence of the first predicate offense was a minute entry reflecting a 1995 guilty plea to DWI first offense in Baton Rouge City Court under docket number 05-95-78. The second predicate offense was a guilty plea to DWI first offense from Amite County, Mississippi, which was entered on January 14, 1998. As evidence of defendant's second offense, the state introduced an abstract of the court record indicating defendant's conviction; a certified copy of the criminal affidavit and breath test; and a certified copy of a waiver of the right to be represented by an attorney.
Defendant filed a motion to quash the bill of information. In his motion to quash, defendant argued that the prior conviction for DWI from Amite County, Mississippi was deficient in that the evidence of this conviction did not indicate defendant's guilty plea was made with a knowing and intelligent waiver of his rights. At the hearing on the motion to quash, defendant did not present any evidence. During the hearing, the trial court questioned the fact that the state did not introduce any evidence to show defendant was informed of, and waived, his Boykin rights in conjunction with his guilty plea in Mississippi. The trial court granted defendant's motion to quash because there was no showing that there was a knowing and intelligent waiver of rights and no proof defendant was informed of his Boykin rights.
The state appeals, arguing that the trial court erred when it failed to apply a presumption of regularity to court documents maintaining defendant's waiver of counsel during a plea of guilty to a predicate offense DWI.

ASSIGNMENT OF ERROR
The state argues that under State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556 and State v. Zachary, 01-3191 (La.10/25/02), 829 So.2d 405 (per curiam), it only needed to prove the fact of conviction and that defendant waived counsel at the time he entered his plea in order to use a prior guilty plea to establish a predicate offense under the DWI statute.
In State v. Carlos, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings, set forth in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist portions of the DWI statute. Accordingly, when a defendant challenges the constitutionality of a predicate guilty plea, the state's initial burden is to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. After this burden is met by the state, the burden then shifts to defendant, if he desires to collaterally attack prior convictions. To prevail in such an attack, the defendant must "produce affirmative evidence showing an infringement of his rights or a procedural irregularity *207 in the taking of the plea." State v. Carlos, 98-1366 at pp. 6-7, 738 So.2d at 559.
In State v. Zachary, the Louisiana Supreme Court held that a transcript from a Florida nolo contendere plea was sufficient for the state to meet its burden and invoke the enhanced sentencing provisions of the Louisiana habitual offender statute, La. R.S. 15:529.1. State v. Zachary, 01-3191 at p. 1, 829 So.2d at 406. We note Zachary did not involve the use of a prior uncounseled plea to enhance sentencing under the DWI statute. Despite the absence of a prior uncounseled plea being used to enhance sentencing, the Zachary court stated the following, "Under the court's present jurisprudence, to use a prior guilty plea to enhance punishment under La. R.S. 15:529.1, the State need prove only the fact of conviction and that the defendant was represented by counsel (or waived counsel) at the time he entered his plea. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings." Zachary, 01-3191 at p.3, 829 So.2d at 407. (Emphasis added.)
The State argues that such language extended the Carlos and Shelton rationale to cases where uncounseled pleas are used for enhancement purposes under the DWI statute. We disagree. First, despite the argument that prior uncounseled pleas could be used to enhance sentencing under the habitual offender law, Zachary did not address the use of uncounseled pleas as predicates under the recidivist portions of the DWI statute. We note in Zachary, there was evidence presented in the form of a "less than perfect" transcript of defendant's prior plea and a no contest plea form that adequately informed the defendant of her rights in entering the no contest plea that was ultimately used as a sentencing enhancement. Moreover, there is a long line of jurisprudence in this circuit that states an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. State v. Lawrence, 600 So.2d 1341, 1342-43 (La.App. 1st Cir.1991) (and authority cited therein).
In the present case, the evidence introduced by the state included a "Waiver of Rights to an Attorney" form signed by defendant and the judge. The form indicates defendant has the right to be represented by an attorney, whether he chooses to hire his own, or if financially unable to hire his own attorney, that one would be appointed for him. The form indicates defendant read the statement of rights and understood what those rights were. However, merely informing defendants of the right to be represented by an attorney does not satisfy the burden on the state to prove the right was knowingly and intelligently waived. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Marcoux, 96-0453, pp. 2-3 (La.App. 1st Cir.3/27/97), 691 So.2d 775, 777.
Under the evidence presented there is no showing that defendant waived his right in a knowing and intelligent manner. Accordingly, we cannot say the trial court's decision to quash the bill of information was erroneous. This assignment of error is without merit.

*208 DECREE
We affirm the judgment of the trial court granting the motion to quash.
AFFIRMED.
MCCLENDON, J., dissents and assigns reasons.
McCLENDON, J., dissenting.
For the following reasons, I respectfully dissent. In State v. Carlos, the Louisiana Supreme Court extended the burden-shifting principles for habitual offender proceedings to the recidivist portions of the DWI statute. Accordingly, when a defendant challenges the constitutionality of a predicate guilty plea, the state's initial burden is to show the existence of a guilty plea and that the defendant was represented by counsel when the plea was entered. After this burden is met by the state, the burden then shifts to the defendant to collaterally attack prior convictions. To prevail in such an attack, the defendant must "produce affirmative evidence showing infringement of his rights or a procedural irregularity in the taking of the plea." State v. Carlos, 98-1366, pp. 6-7 (La.7/7/99), 738 So.2d 556, 559.
Following the Carlos decision, in State v. Zachary, the Louisiana Supreme Court held that a transcript from a Florida nolo contendere plea was sufficient for the state to meet its burden and invoke the enhanced sentencing provisions of the Louisiana habitual offender statute, LSA-R.S. 15:529.1. State v. Zachary, 01-3191, p. 1 (La.10/25/02), 829 So.2d 405, 406. In so holding the court stated, "Under the court's present jurisprudence, to use a prior guilty plea to enhance punishment under La. R.S. 15:529.1, the state need prove only the fact of conviction and that the defendant was represented by counsel (or waived counsel) at the time he entered his plea. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings." Zachary, 01-3191 at p.3, 829 So.2d at 407. (Emphasis added.) The state argues that this language by the Louisiana Supreme Court extended the Carlos and Shelton rationale to cases where uncounseled pleas are used for enhancement purposes under the DWI statute.
I agree. Although Zachary did not involve a DWI proceeding, the supreme court has previously recognized there is a presumption of regularity in out of state proceedings. See State v. Shelton, 621 So.2d 769 (La.1993). Thus, if a waiver of counsel, executed by the defendant at the time a prior guilty plea was entered, satisfies the state's burden to invoke enhanced sentencing under the habitual offender law, it should also apply to satisfy the state's burden in DWI recidivist proceedings. See State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. Accordingly, when uncounseled guilty pleas are used as predicate offenses in DWI proceedings, the state may use a waiver of counsel executed by a defendant to satisfy its initial burden of proving the predicate offense. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings.[1]
In the present case, the defendant presented no affirmative evidence that his guilty plea from Mississippi was tainted by any procedural irregularity. As a result, there is no basis in the record to conclude the defendant's guilty plea cannot be used as a predicate offense. I would reverse *209 the decision of the trial court and reinstate the bill of information.
NOTES
[1] I acknowledge that, once a defendant makes an affirmative showing of an infringement of his rights or a procedural irregularity in the plea transcript, the burden shifts back to the state to prove the constitutionality of the plea.