| JARRO, J.
The defendant, Billy G. Vaughn, was charged by bill of information with one count of fourth offense driving while intoxicated (DWI-fourth offense), in violation of LSA-R.S. 14:9s.[1] Defendant pled not guilty. Thereafter, defendant filed a motion to suppress the predicate convictions, which was denied. After a trial by jury, defendant was found guilty as charged and was sentenced to ten years of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, to be served consecutively to any other sentence being served.
On appeal, defendant assigns three errors, as follows:
1. The trial judge erred in denying defendant’s motion to suppress.
2. Considering the evidence presented by the state in the light most favorable to the state, the state failed to prove defendant’s guilt beyond a reasonable doubt.
3. The trial judge erred in denying the defendant’s motion for a post verdict judgment of acquittal.
Finding merit to certain of these assignments of error, we reverse and modify defendant’s conviction. Furthermore, we vacate his sentence and remand for resen-tencing.
FACTS
At about 4:30 p.m. on February 8, 2002, Louisiana State Trooper Johnny Adams was operating a stationary radar device on Louisiana State Highway 307 in Kraemer, Louisiana. He observed a gray Chevrolet *774 Corsica traveling at 74 mph in a 55 mph zone. The officer turned on his lights and siren and gave pursuit. He observed the suspect’s vehicle slow down, and pull into a residential driveway. The driver exited the Corsica and started walking to the residence. When the officer called out, “Police, stop,” the driver broke into a run toward the back of the house. The officer verified that no one else was in the vehicle and observed the driver duck into a barn at the back of the residence. Not knowing whether the suspect was armed, the officer demanded that the 13suspect exit the barn with his hands up. Once apprehended, the defendant was handcuffed and placed under arrest.
Trooper Adams smelled alcohol on defendant’s breath, and the defendant’s speech was slurred. Rather than uncuff defendant and risk another attempted escape, the officer decided to conduct the field sobriety test when he returned to the police station with defendant in custody. Before leaving the scene, he determined that the Corsica was registered in the name of a woman. Although defendant initially refused to identify himself, the officer found documents in the vehicle bearing the name of Billy Vaughn, and defendant eventually admitted his identity.
At the Lafourche Parish Detention Center in Thibodaux, Trooper Adams, who was certified to conduct such examinations, conducted a field sobriety test. Defendant failed the horizontal gaze nystagmus test. Defendant swayed while standing and also failed the “walk and turn” and the “one leg stand” tests. Defendant consented to the chemical test. After determining that the breathalyzer machine was operating properly, defendant was tested. Defendant voluntarily blew into the machine, which registered a reading of .187 at about 6:49 p.m. on February 8, 2002. For unknown reasons, the machine did not print out the result, probably because the officer did not properly insert the card. However, the officer wrote the results of the test by hand at the bottom of the document. When defendant was interviewed, he admitted that he had three beers and a “white Russian.” The officer attempted to run the chemical test again but defendant refused.
Defendant called Sylvia Richard to testify on his behalf. Ms. Richard indicated that she had known the defendant for ten years. According to Ms. Richard, they had been dating for the past few months and saw each other daily at his home. She knew him to be living at 626 Highway 20 in February of 2002, at the time he was arrested, and for at least ten years prior thereto. Ms. Richard testified that she picked defendant up at about 7:00 a.m. on February 8, 2002, to work on her Chevrolet Corsica car because the speedometer was not working. She had no reason to believe he was drinking at that time. She claimed he was at her home until 4:00 p.m. that day, | ¿working on her car with his friend. She did not see him consume alcohol during the day and he did not seem intoxicated when he left. She claimed that she spoke to defendant by telephone at about 7:00 p.m. after his arrest and he did not sound intoxicated to her.
Defendant also testified on his own behalf. He confirmed that he had lived at 626 Highway 20 for the past 18 years. He identified Sylvia Richard as his fiancée for about ten years. Defendant denied drinking anything the night before or the day of his arrest. He claimed that he left Sylvia’s house and dropped off his friend at about 4:20 p.m. Defendant admitted that he was speeding when first spotted by Trooper Adams and that he turned into a driveway and tried to get to the back of the house because he was afraid to be found without a driver’s license. However, he denied *775 that he ran when the officer called out to him, insisted that he complied with the request to come out of the barn, and contradicted the officer’s testimony that he was placed on the ground before being arrested. Defendant claimed that the officer retrieved a pill bottle with salt in it from the car and told him that he was taking him in because the bottle appeared to contain a narcotic substance. According to defendant, the officer never referred to intoxication. Defendant suggested that perhaps the pickled eggs he had been eating accounted for the odor the officer smelled on his breath. Defendant further testified that, believing the chemical test machine malfunctioned, he offered to take a blood or urine test instead, but was refused the right to such a test. He denied that any interview whatsoever was conducted.
After a jury trial, defendant was found guilty as charged of DWI-fourth offense.
MOTION TO SUPPRESS
Defendant contends the trial judge erred in denying his motion to suppress each of the predicate DWI convictions relied upon by the state. He argues that the guilty pleas taken in connection with each of his predicate convictions were defective, because his constitutional rights were not adequately explained to him before he entered his guilty pleas. Specifically, defendant claims that he was not properly advised |Bof certain of his Boykin[2] rights before entering the guilty pleas. We have separately examined defendant’s claims with respect to each of the predicate convictions relied upon by the state. We agree that the guilty pleas taken in connection with two of those predicate convictions were defective. However, we find no infirmity in the guilty plea taken in connection with defendant’s February 27, 1995 conviction. We conclude, therefore, for the reasons more fully explained below, that defendant’s fourth offense DWI conviction must be reversed and that a modified judgment of conviction of DWI-second offense should be rendered. We further conclude that defendant’s fourth offense DWI sentence must be vacated and the matter remanded to the trial court for sentencing on the modified judgment of conviction.[3]

February 27, 1995 conviction

Defendant claims the trial judge did not adequately advise him of his right to confront and cross-examine witnesses called by the state before accepting his guilty plea in connection with his February 27, 1995 conviction. We do not agree. Defendant was at all pertinent times represented by counsel. Prior to accepting his plea, the trial judge advised:
If your case went to trial, you would have the right to — you would have a lawyer with you at all times. The people that have accused you would have to come in the front of you.
In our view, this was adequate notice of this counseled defendant’s right to confront the witnesses against him. See State v. Woods, 402 So.2d 680, 682 (La.1981).

October 17, 199b and September 11, 2001 convictions

Defendant claims he was not properly advised of his Boykin rights prior to his conviction on October 17, 1994, be *776 cause he was not advised of his privilege against self-incrimination. In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court eased the state’s burden of proving a prior DWI guilty plea as a predicate offense for enhancement purposes. In Carlos, the court held that the | ^burden-shifting principles of State v. Shelton, 621 So.2d 769 (La.1993), are applicable to multiple-offense DWI cases. Under this burden-shifting scheme, if the defendant denies the allegations of a bill of information, the state has the initial burden to prove the existence of the prior guilty plea(s) and that the defendant was represented by counsel when the plea(s) were taken. If the state meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea(s). If the defendant carries this burden, then the burden reverts to the state to prove the constitutionality of the plea. Carlos, 738 So.2d at 559.
The record in the instant case contains a transcript of the colloquy between the trial judge and the defendant at the time the guilty plea was entered on October 17, 1994. The transcript clearly shows that the trial judge did not advise the defendant of one of his Boykin rights, the privilege against self-incrimination. The state did not introduce a waiver of rights form or any other evidence to substantiate defendant’s knowledge and waiver of that constitutional right. Thus, the evidence, taken as a whole, shows that the defendant was not fully advised of his Boykin rights.
In his written reasons for judgment denying defendant’s motion to suppress the use of this predicate conviction, the trial judge suggested that the transcript of the plea colloquy indicates that the suspended sentence imposed in 1994 was the product of plea bargain discussions. However, we find nothing in the transcript that proves that defendant entered into a plea bargain or that he was advised of his right against self-incrimination during plea bargain negotiations. The trial judge also suggested in his reasons for judgment that he could not conclude that defendant’s rights were prejudiced, because there was no evidence to prove that defendant would not have entered a guilty plea had he been advised of his right against self-incrimination. In view of defendant’s DWI history, we understand the trial judge’s skepticism concerning whether defendant needed to be advised of his Boykin rights. We are nevertheless constrained by the burden-shifting rules set forth in Carlos. The burden of proof reverted to the state to establish the constitutionality of defendant’s plea. The state | introduced no evidence tending to prove that defendant would have pled guilty had he been properly advised of his Boykin rights. Thus, there was no evidence for the trial judge to weigh against the transcript to support the conclusion that defendant’s Boykin rights were not prejudiced. Speculation as to what defendant would have done if properly “Boykinized” is not sufficient. See State v. Drenning, 99-1151 (La.App. 4th Cir.3/22/00), 767 So.2d 45, 48. Accordingly, this predicate offense should not have been used for enhancement purposes.
Defendant similarly claims that he was not made aware of his right to confront the witnesses against him prior to entering his plea of guilty on September 11, 2001. The record of the Boykin hearing confirms defendant’s claim. The state did not bear its burden of proving that the defendant’s constitutional rights were adequately safeguarded. For the same reasons expressed as to defendant’s October 1994 conviction, the September 11, 2001 conviction should not have been used as a predicate offense for enhancement purposes.
*777 Inasmuch as two of the prior DWI convictions introduced by the state could not properly serve as predicate offenses for enhancement purposes, defendant’s conviction and sentence for fourth offense DWI must.be reversed. However, under State v. Byrd, 385 So.2d 248, 251 (La.1980) and LSA-C.Cr.P. art. 821(E), the discharge of the defendant is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense which is a legislatively authorized responsive verdict. As noted hereinabove, defendant’s February 27, 1995 conviction was properly used as a predicate DWI offense for enhancement purposes. Moreover, we have concluded below, in our review of defendant’s second assignment of error, that there was sufficient evidence to establish that defendant was guilty of driving while intoxicated on February 8, 2002. Thus, there was sufficient evidence to conclude that defendant was guilty of DWI-second offense, a legislatively provided responsive verdict to the charge of DWI-fourth offense. LSA-C.Cr.P. art. 815. Thus, it is not necessary for us to remand this case for a new trial in order to convict defendant of DWI-second offense. Accordingly, we modify the trial court judgment and render a judgment of conviction of | RDWI-second offense. We remand the matter to the trial court for resentencing on the modified judgment of conviction. LSA-C.Cr.P. art. 821(E).
SUFFICIENCY OF THE EVIDENCE OF THE FEBRUARY 8, 2002 OFFENSE
Defendant contends the evidence adduced by the state was insufficient to support his conviction of the DWI offense committed on February 8, 2002. We do not agree. The standard of review for sufficiency of the evidence to support a conviction is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime and defendant’s identity as perpetrator of that crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir.1984). When circumstantial evidence is used to prove the commission of an offense, LSA-R.S. 15:438 requires that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” State v. Wright, 98-0601 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157, and 00-0895 (La.11/17/00), 773 So.2d 732. This is not a separate test to be applied when circumstantial evidence forms the basis of a conviction; all evidence, both direct and circumstantial, must be sufficient to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998). When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987).
Defendant was charged with driving while intoxicated, in violation of LSA-R.S. 14:98. LSA-R.S. 14:98 provides, in pertinent part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages;
*778 |aIn his opening statement, counsel for defendant conceded that defendant was operating a vehicle. In this assignment of error, defendant argues that the state did not prove beyond a reasonable doubt that he was under the influence of alcoholic beverages. He insists that the breathalyzer machine malfunctioned and that, crediting the testimony of his girlfriend as true, it would have been impossible for him to have consumed enough alcohol to cause a reading of .187 as testified by Trooper Adams.
The record, however, clearly establishes that after defendant was initially stopped for speeding and apprehended, a strong odor of alcohol was detected on his breath. In addition, he failed field sobriety tests. Regardless of the reading registered on the breathalyzer machine, there was ample evidence to support the jury’s determination that he was intoxicated. The jury was not obligated to accept as true defendant’s self-serving testimony or that of his girlfriend. The jurors were entitled to accept the testimony of Trooper Adams that defendant was intoxicated when arrested.
Defendant does not contest the adequacy of the record to support a DWI-second offense conviction. We have found that there is no impediment to using defendant’s February 27, 1995 conviction as a predicate offense. Defendant pled guilty to that offense and a record of the plea colloquy establishes that defendant’s constitutional rights were adequately protected.
There is no merit to this assignment of error.
POST VERDICT JUDGMENT OF ACQUITTAL
In this assignment of error, defendant contends the trial judge erred in not granting his motion for a post verdict judgment of acquittal. In his motion, defendant contested the sufficiency of the evidence to support his conviction. More specifically, he claimed that the state failed to prove that he was the same individual convicted of the predicate offense of driving while intoxicated on October 17, 1994. Inasmuch as we have refused to permit the October 17, 1994 conviction to be used as a predicate offense, this assignment of error is moot.
^CONCLUSION
For the reasons assigned, the defendant’s conviction for fourth offense DWI is reversed and his sentence is vacated. The judgment of guilty of fourth offense DWI is hereby modified and a judgment of conviction of second offense DWI is rendered. We remand the case to the trial judge for sentencing on the modified judgment of conviction.
CONVICTION REVERSED AND MODIFIED; SENTENCE VACATED; AND REMANDED FOR RESENTENC-ING.

. The fourth offense allegedly occurred on February 8, 2002. The predicate convictions alleged were an April 19, 1994 conviction for driving while intoxicated (predicate # 1), an October 17, 1994 conviction for driving while intoxicated (predicate # 2), a February 27, 1995 conviction for driving while intoxicated (predicate #3), and a September 11, 2001 conviction for driving while intoxicated (predicate # 4). At the commencement of trial, the state struck the April 19, 1994 conviction from the bill of information.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct 1709, 23 L.Ed.2d 274 (1969).

. Since the evidence supports a conviction for a lesser and included offense, this court is authorized to render a judgment of conviction on the lesser included responsive offense. See LSA-C.Cr.P. art. 821(E) and State v. Ortiz, 96-1609 (La. 10/21/97), 701 So.2d 922, 934, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).