# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 KA 1305

STATE OF LOUISIANA

VERSUS

STACY RAYMUND CLARK

Judgment Rendered: __SEP 2 1 2023__

* * * * * * *

On Appeal from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 4260-F-2021
Honorable Ellen M. Creel, Judge Presiding

* * * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
J. Bryant Clark, Jr.
Assistant District Attorneys
Covington, Louisiana

Attorneys for Appellee
State of Louisiana


Bertha M. Hillman
Covington, Louisiana

Attorney for Defendant/Appellant
Stacy Raymund Clark

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

The defendant, Stacy Raymund Clark, was initially charged by bill of information with driving while intoxicated (DWI), fourth or subsequent offense, a violation of La. R.S. 14:98(A) and La. R.S. 14:98.4.[1] He pled not guilty and filed a motion to quash, challenging the predicate DWI convictions listed in the bill of information. At a hearing, the trial court took the matter under advisement and later granted in part and denied in part the defendant's motion to quash.[2] Subsequently, the State amended the bill of information to DWI, third offense, a violation of La. R.S. 14:98.3. The defendant pled guilty to the amended charge under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and under *State v. Crosby*, 338 So.2d 584 (La. 1976), reserving the right to appeal the trial court's partial denial of his motion to quash. The trial court sentenced the defendant to eighteen months imprisonment at hard labor, ordering that twelve months of the sentence be served without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning error to the trial court's partial denial of his motion to quash. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

As the defendant entered a qualified guilty plea and stipulated to a factual basis provided by open file discovery and pretrial conferences, the facts of the offense were not developed. According to the probable cause affidavit, on July 19, 2021, Officer Brian Ledkins conducted a traffic stop at approximately 9:51 p.m., after observing a black Chevrolet Tahoe swerving and traveling in the opposing lane of travel. Officer Ledkins further observed that the vehicle had no license plate light,

---

[1] The bill of information sets forth the defendant's predicate guilty pleas to DWI in Wyoming in 2008, 2009, and 2011.

[2] The motion to quash was granted as to the 2008 predicate conviction.

2

and the left brake light was not functioning. The driver, identified as the defendant, provided his driver's license as requested.

As the defendant searched for his vehicle registration and proof of insurance, Officer Ledkins immediately observed his slurred speech and the smell of an odor consistent with an alcoholic beverage emitting from the defendant's person. When the defendant stepped out of his vehicle, Officer Ledkins observed the defendant sway and lose his balance multiple times. The defendant participated in a Standardized Field Sobriety Test, performed poorly, and was placed under arrest. The defendant was transported to the Covington Police Department where chemical testing showed that he had a BAC of 0.172.

## ASSIGNMENT OF ERROR

In the sole assignment of error, the defendant argues the 2011 DWI predicate conviction should have also been quashed, as the documents submitted by the State in support of the conviction fail to meet the requirements of *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).[3] He specifically contends that the documents fail to show that he was represented by counsel in the 2011 plea or that he waived his right to counsel.

In *State v. Carlos*, 98-1366 (La. 7/7/99), 738 So.2d 556, the Louisiana Supreme Court eased the State's burden of proving a prior DWI guilty plea as a predicate offense for enhancement purposes. Specifically, the court held that the burden-shifting principles of *State v. Shelton*, 621 So.2d 769 (La. 1993), are applicable to multiple-offense DWI cases. Under this burden-shifting scheme, when a defendant challenges the constitutionality of a conviction being used to enhance a

---

[3] As the defendant notes, in *Boykin*, the United States Supreme Court stated that to show a guilty plea was voluntarily made, the prosecution is required to "spread on the record the prerequisites of a valid waiver." The Court specifically found that several constitutional rights are involved in a waiver that takes place when a plea of guilty is entered, including: (1) the privilege against self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin*, 395 U.S. at 242-43, 89 S.Ct. at 1712.

present DWI offense, the State has the initial burden of proving the existence of the prior guilty plea and that the defendant was represented by counsel at the time of the plea. *Carlos*, 738 So.2d at 559; *State v. Bush*, 2020-0259 (La. App. 1st Cir. 12/30/20), 318 So.3d 151, 155.

If the State meets its initial burden, the burden shifts to the defendant to produce affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea. The defendant can attempt to meet his burden with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. The State's documentary evidence introduced to prove the fact of conviction may also satisfy the defendant's burden of production if it affirmatively reveals a *Boykin* defect in the proceedings. *Bush*, 318 So.3d at 155.

If the defendant's burden is met, then the burden reverts to the State to prove the constitutionality of the plea. *Bush*, 318 So.3d at 155-56. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea that reflects a colloquy between the judge and the defendant wherein the defendant was informed of and specifically waived his *Boykin* rights, namely, his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. The purpose of the *Shelton* rule is to sharply demarcate the differences between direct review of a conviction resulting from a guilty plea, in which the appellate court may not presume a valid waiver of rights from a silent record, and a collateral attack on a final conviction

4

used in a subsequent recidivist proceeding, as to which a presumption of regularity attaches to promote the interests of finality. *Bush*, 318 So.3d at 156.

A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. A presumption of regularity attaches to prior convictions in multiple offender DWI cases, and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. *Bush*, 318 So.3d at 155. However, an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense absent a knowing and intelligent waiver of counsel. *Id.* A motion to quash is the proper vehicle to attack the constitutionality of prior convictions used to enhance a DWI charge. When a trial court denies a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion. However, a trial court's legal findings are subject to a *de novo* standard of review. *Id.* at 156.

In his motion to quash, the defendant generally argues that the State failed to provide sufficient evidence to show that the prior pleas from the State of Wyoming were constitutionally valid under *Boykin* and Louisiana law. In support of the 2011 guilty plea in the Wyoming Ninth Judicial District Court, Docket Number CR 2011-0410, the State introduced the probable cause affidavit and the bill of information for the predicate DWI offense. The State also introduced a pre-printed "Memorandum Order" which, in part, indicates the defendant pled guilty on November 14, 2011, was represented by counsel and was satisfied with that representation, waived advisements under WRCrP 5 and 11 per WRCrP 11(c) in the presence and with advice of counsel, and that the defendant was alert and aware of his constitutional rights and knowingly and voluntarily waived those rights. The State further presented the judgment and sentence form and an order of probation.

5

While the forms were signed by the defendant and the judge, on each form, the line provided for the signature of the defendant's attorney is blank.[4]

At the hearing on the motion to quash, the defendant challenged the 2011 predicate guilty plea, noting that the State's documentary evidence did not contain an attorney signature or acknowledgment that the defendant was represented by counsel at that time. On that basis, the defendant argued that he successfully used the State's evidence to show a *Boykin* defect, the lack of counsel, shifting the burden to the State to introduce a perfect transcript to prove the constitutionality of the plea. Prior to taking the matter under advisement, the trial court questioned the lack of an attorney's signature on the attorney signature lines. However, the trial court noted that the memorandum order indicated that the defendant was represented by and satisfied with counsel, and waived his rights in the presence of and with the advice of counsel. In later denying the motion to quash the 2011 predicate conviction, the trial court found that the State met its initial burden, reiterating that the State's evidence indicated that the defendant had counsel present at the time of the guilty plea. The court noted that there was no other affirmative evidence indicating that the defendant was not represented or that his rights were infringed.

Initially, we note that pre-printed forms such as the one introduced by the State herein have been found adequate to meet the State's initial burden under *Shelton* and *Carlos*. See *Bush*, 318 So.3d at 157; *State v. Dean*, 2000-0199 (La. App. 4th Cir. 3/14/01), 789 So.2d 602, 607, writ denied, 2001-1177 (La. 3/15/02), 811 So.2d 897. Based on our review of the evidence in its entirety, we agree with

---

[4] For the sake of comparison, we note that the State's evidence submitted to prove the defendant's 2008 plea, quashed by the court, does not include any document indicating that the defendant was represented by counsel at the time of the plea. Further, in the judgment and sentence order as to the 2008 plea, in addition to the attorney signature line being blank, the word "out" is encircled on the first line, stating, in part, "defendant being personally present, with(out) counsel[.]" As to the 2009 DWI plea, uncontested on appeal, the defendant's attorney signed the judgment and sentence form and the order of probation.

the trial court's finding that the State met its initial burden of proving the existence of the 2011 guilty plea and that the defendant was represented by counsel at the time of the plea.

Specifically, the "Memorandum Order," bearing the same docket number and case information as the affidavit, bill of information, judgment and sentence form, and the order of probation, indicates the plea was entered and accepted, and that judgment and sentence were entered on the same date as the order, November 14, 2011. The "Memorandum Order" further states the pertinent findings of the Wyoming court by way of handwritten checkmarks corresponding to eight of thirteen pre-typed statements. As previously referenced, among those checked includes the line stating that the defendant was represented by counsel and was satisfied with that representation. Notably, the checkmark line is blank next to the line stating the defendant "is not represented by an attorney and has knowingly and voluntarily waived that right." Further, the judgment and sentence form, in pertinent part, indicates, by way of pre-typed lines with corresponding handwritten checkmarks, that the defendant was unable to pay his public defender and that the public defender was discharged "upon entry of this judgment and sentence[.]" This indicates that the public defender was appointed to represent the defendant at the time of his 2011 plea and was discharged *after* performing his or her duties. The absence of a signature by the defendant's attorney does not negate the fact that the "Memorandum Order" and judgment and sentence form specifically indicate that the defendant was represented by counsel at the time of his plea.

As the State in this case met its initial burden, the burden shifted to the defendant to show that the guilty plea was not voluntary as a constitutional matter, meaning that it did not represent a knowing and voluntary choice among available alternatives. The defendant did not present any evidence in this regard and there is nothing in the forms presented by the State, in meeting its initial burden, to

7

affirmatively show such defect. As the defendant failed to meet his burden of proof, the burden never shifted back to the State to prove the constitutionality of the plea. Thus, we find no error or abuse of discretion in the trial court's denial of the defendant's motion to quash the 2011 predicate guilty plea. The sole assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**